2024 IL App (1st) 240037

No. 1-24-0037B

Opinion filed May 20, 2024

FIFTH DIVISION

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 CR 0127501 |
| | ) | |
| ROBERT CARPENTER, | ) | Honorable |
| | ) | Diana L. Kenworthy, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE MITCHELL delivered the judgment of the court, with opinion.
Justice Mikva concurred in the judgment and opinion.
Justice Lyle dissented, with opinion.

**OPINION**

¶ 1     Defendant, Robert Carpenter, appeals from an order of the circuit court denying him pretrial release under article 110 of the Code of Criminal Procedure of 1963 (725 ILCS 5/art. 110 (West 2022)), as amended by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act. Defendant contends that the State failed to meet its burden of proving by clear and convincing evidence that (1) the proof is evident or the presumption great that defendant committed the offenses charged; (2) defendant poses a real and present threat to the safety of any person or persons in the community, based on the specific, articulable facts of the case; and (3) no condition or combination of conditions could mitigate this threat. Therefore,

defendant contends that the circuit court abused its discretion when it denied his pretrial release. For the following reasons, we affirm the judgment of the circuit court.

¶ 2                                     I. BACKGROUND

¶ 3     On December 13, 2022, defendant was arrested and charged with two counts of predatory criminal sexual assault of a child, arising out of an incident that occurred on October 8, 2022. He was held with no bail and remained incarcerated as of December 13, 2023. Defense counsel filed a petition for his release, and in response, the State filed a verified petition for defendant's pretrial detention.

¶ 4     At the detention hearing, the State proffered that defendant, who was 29 years old, was left alone with the 5-year-old complaining witness, and that he licked her vagina, penetrating with his tongue, and had the complaining witness put her mouth on his penis. The complaining witness is unrelated to defendant. The complaining witness's four-year-old sister corroborated some of her story. The State alleged that there is a strong probability that defendant's DNA was found in the complaining witness's underwear. According to the State, defendant made certain admissions, such as that he was drunk and asleep and woke up to the complaining witness's mouth on his penis.

¶ 5     Defense counsel contended that there were inconsistencies in the complaining witness's statements and that some of the allegations made by the complaining witness were later retracted. Defense counsel argued that DNA can come from different sources, and defendant was experiencing housing instability prior to the incident. He did not try to flee prior to his arrest. Defense counsel concluded by arguing that there were conditions that would mitigate the threat to the community posed by defendant.

¶ 6 The circuit court ordered defendant to be detained. This timely appeal followed. Ill. S. Ct. R. 604(h) (eff. Dec. 7, 2023).

¶ 7                                II. ANALYSIS

¶ 8 On appeal, defendant contends that the circuit court abused its discretion in denying him pretrial release because the State did not satisfy its burden of proving by clear and convincing evidence the three elements under subsection 110-6.1 of the Code (725 ILCS 5/110-6.1 (West 2022)).

¶ 9 Under the Code, courts presume "that a defendant is entitled to release on personal recognizance on the condition that the defendant attend all required court proceedings and the defendant does not commit any criminal offense, and complies with all terms of pretrial release." *Id.* § 110-2. The Code places the burden on the State to overcome this presumption by providing clear and convincing evidence that the defendant should not be released. *Id.* § 110-6.1(e). To meet this burden, the State must first show that the defendant committed a detainable offense. *Id.* § 110-6.1(e)(1). Then, it must prove that "the defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case." *Id.* § 110-6.1(e)(2). If the State can satisfy these requirements, then it must demonstrate that "no condition or combination of conditions" could mitigate "the real and present threat to the safety of any person or persons or the community." *Id.* § 110-6.1(e)(3).

¶ 10 The circuit court's factual determinations regarding whether the State has met this burden are reviewed under the manifest weight of the evidence standard. See *People v. Jackson*, 2023 IL App (1st) 231817-U, ¶ 24; *People v. Keys*, 2024 IL App (1st) 231880-U, ¶ 11. "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the

finding itself is unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill. 2d 322, 332 (2008). The circuit court's determination that a defendant is or is not entitled to pretrial release is reviewed for abuse of discretion. *People v. Whitmore*, 2023 IL App (1st) 231807, ¶ 18.

¶ 11    First, defendant argues (in his notice of appeal) that the circuit court's finding that the proof is evident or the presumption great that defendant committed the eligible offense of predatory criminal sexual assault of a child is against the manifest weight of the evidence. But the State's proffer of evidence was more than sufficient to support the circuit court's conclusion. The State proffered that defendant, who was 29 years old at this time, removed the victim's clothes, placed her on top of his face, licked her vagina with his tongue, and penetrated her vagina. It was also alleged that he made the victim place her mouth on his penis. The victim was five years old at the time of this alleged incident. A person commits the offense of predatory criminal sexual assault of a child if the person is 17 years of age or older, and they commit "an act of contact, however slight, between the sex organ or anus of one person and the part of the body of another for the purpose of sexual gratification or arousal of the victim or the accused, or an act of sexual penetration," and the victim is under 13 years of age. 720 ILCS 5/11-1.40(a)(1) (West 2022).

¶ 12    The victim and her four-year-old sister made immediate outcries to their mother about the incident. Additionally, the State proffered that a sample taken from the victim's underwear contained defendant's DNA profile. Although defendant argues that the victim and her sister made inconsistent statements, the circuit court considered the statements against the other evidence proffered. Based on the entirety of the proffered information, the circuit court's finding that the State met its burden for this element is not against the manifest weight of the evidence.

¶ 13    Next, defendant contends the circuit court's finding that defendant presents a real and present threat to the safety of a person, persons, or the community is against the manifest weight of the evidence. The Code outlines a list of factors to be considered in making a determination of dangerousness, such as the nature and circumstances of any offenses charged, including whether it is a sex offense; the identity of any person or persons to whose safety the defendant is believed to pose a threat; statements made by the defendant; and the age and physical condition of any victim or complaining witness. 725 ILCS 5/110-6.1(g) (West 2022). The record demonstrates that the circuit court expressly considered these factors:

"While there may be inconsistencies in the five-year-old complaining witness's stories, we have corroboration from a sibling, we have an immediate outcry but, most importantly, we have the defendant's DNA in the complaining witness's underpants. She's five years old. I don't know how else DNA is going to get in there. And she has two profiles in her vaginal swabs, one being hers.

Then there [are] statements by the defendant that a five year old asked if she could perform fellatio on him, if she could sit on his face. Those are not things that a five-year-old would do and so—and this is someone that was a family friend and he was just babysitting, it sounds like, for a very short period of time and yet this incident is alleged to have occurred.

The Court finds that the proof is evident and the presumption is great that the person committed an offense listed as a detainable offense; and that the defendant poses a real and present threat to the safety of both the complaining witness and her siblings and to young children in the community at large; and that there is no condition or combination of

conditions that can mitigate the real and present threat. And for those reasons, Mr. Carpenter will be held."

¶ 14    Again, the circuit court's findings are amply supported by the evidence proffered by the State. Defendant argues that the State's proffer was nonetheless inadequate because it consisted of nothing "other than the facts of the alleged crime, of which Carpenter is presumed innocent." Under this reasoning, defendant seems to suggest that a defendant can only be detained based on facts *other than* the crime charged. Not so. Defendant's contention finds no support in the language of the Code. The nature and circumstances of the offense charged is the *prime* consideration in determining the conditions of release, if any (*id.* § 110-5(a)(1)), and in denying pretrial release (*id.* § 110-6.1(a)), including in making the dangerousness determination (*id.* § 110-6.1(g)(1)).

¶ 15    To be sure, there are a great many pretrial detention cases in which other statutory factors such as a defendant's criminal history, access to weapons, or parole status (*id.* § 110-6.1(g)(2), (7), (8)) *may* inform the circuit court's dangerousness determination, but those factors are *not* required. They merely exemplify the types of factors that the circuit court can consider, and the Code makes clear the list is not exhaustive because the circuit court can consider any factor "deemed by the court to have a reasonable bearing upon the defendant's propensity or reputation for violent, abusive, or assaultive behavior, or lack of such behavior" *Id.* § 110-6.1(g)(9). To conclude otherwise would mean that a true first offender—regardless of how heinous the offense charged or the obvious danger presented—could *never* be detained pretrial, because in such a case, the only evidence available would consist of the nature and circumstances of the crime charged. There is nothing in the text of the Code to suggest that the General Assembly intended such an absurd result.

¶ 16 Finally, defendant argues the circuit court's finding that no condition or combination of conditions could mitigate defendant's threat to any person or the community is against the manifest weight of the evidence. In addition to its oral ruling, the circuit court made the following written finding as to why nothing short of defendant's detention would safeguard the community:

> "The defendant is alleged to have sexually abused a very young child with whom he was briefly left alone. There is no way to guarantee that he will not come into contact with other children if released."

¶ 17 Parallel to its argument on dangerousness, defendant contends that the State failed to meet its burden because "it simply present[ed] the facts of the case." But again, the nature and circumstance of the crime charged may well be the most compelling evidence, indeed the only evidence, available at a detention hearing—a truncated proceeding which by statute typically occurs early in the life of a criminal case. In seeking to detain a defendant before trial, the State must show a defendant's pretrial release presents a threat to the safety of a person or community and that less restrictive conditions cannot mitigate the threat. *Id.* § 110-6.1(e). The proof as to the danger presented by a defendant's pretrial release will frequently overlap with the evidence supporting a conclusion that less restrictive conditions cannot mitigate the threat. And that proof may overlap again with the elements of the crime charged, but that does not render those facts any less compelling.

¶ 18 Defendant's argument to the contrary is based on a misreading of a case in which a defendant was charged with aggravated battery based on discharge of a firearm (720 ILCS 5/12-3.05(e)(1) (West 2022)). *People v. Stock*, 2023 IL App (1st) 231753, ¶ 18. There, the circuit court had found that no condition could mitigate the threat posed by defendant's release because, " '[t]he

defendant shot a firearm at the complaining witness.' " *Id.* ¶ 20. In reversing the circuit court's order, the appellate court explained that the lower court's finding did nothing to explain *why* less restrictive conditions were inadequate to mitigate the threat posed by the defendant. *Id.* The "why" is the essence of the required finding. *Cf. People v. Stone*, 2024 IL App (1st) 232359-U, ¶ 31 (holding " 'see #2 above' " an inadequate finding); *People v. Freeman*, 2024 IL App (1st) 232476-U, ¶ 31 (holding " '[h]e shot & killed the victim' " an inadequate finding).

¶ 19    In *dicta*, the *Stock* court also suggested that the "bare allegations" as to the elements of a violent offense charged are inadequate to establish that no condition could mitigate the threat posed by a defendant's pretrial release. *Stock*, 2023 IL App (1st) 231753, ¶ 18. "But more is required," otherwise the legislature would have "simply deemed those accused of violent offenses ineligible for release." *Id.* The Code plainly requires that the determination on dangerousness and inadequacy of less restrictive conditions be "based on the specific articulable facts of the case." 725 ILCS 5/110-6.1(e)(2), (3) (West 2022). That phrase appears no fewer than 15 times in subsection 110-6.1 alone, and it emphasizes that the required determinations are to be based on individualized proof. To that extent, *Stock* is correct: a generic rendition of the elements of the crime charged is inadequate because it is not individualized. But there is nothing in the Code that suggests that a proffer made with grisly detail cannot satisfy "the specific articulable facts of the case" requirement simply because the facts proffered are coextensive with the elements of the offense charged.

¶ 20    Turning back to the offense charged here, not all predatory sexual assaults of a child are created equal. 720 ILCS 5/11-1.40(a) (West 2022). All are terrible, but some are far worse than others, and this is reflected in a sentencing range of "not less than 6 years and not more than 60

years." *Id.* § 11-1.40(b)(1). Likewise, pretrial detention determinations in such cases may also vary significantly. The "specific articulable facts of the case" make all the difference. Here in finding that less restrictive conditions would be inadequate to mitigate the threat posed by defendant if released, the circuit court noted that the victim was "a very young child"—a particularly vulnerable subset of the community needing protection. Further, defendant's access to the child was limited: he was "briefly left alone" and seemingly committed the offense even with limited opportunity. These proffered facts amply demonstrate *why* less restrictive conditions of release, such as curfew, home confinement, or electronic monitoring, would be inadequate to protect against the threat posed by this defendant; in the words of the circuit court, "there is no way to guarantee that he will not come into contact with other children if released." The Code requires no further explanation "*why*."

¶ 21    Finally, defendant complains that "the State made no argument regarding why no condition" could mitigate against the threat caused by defendant's release. There is no requirement that the State utter specific words at a detention hearing. Here, it alleged in its verified petition for pretrial detention that no condition or combination of conditions can mitigate the risk. At the hearing, the State proffered facts from which the circuit court made the required findings in support of detention. The circuit court knows the law including conditions of release and less restrictive alternatives to detention. In weighing the proffered facts against those less restrictive conditions, the circuit court engaged in a consummate exercise of discretion that is entitled to deference on appeal. *People v. Inman*, 2023 IL App (4th) 230864, ¶ 11 ("[I]n reviewing the circuit court's ruling for an abuse of discretion, we will not substitute our judgment for that of the circuit court, merely

because we would have balanced the appropriate factors differently." (Internal quotation marks omitted.)).

¶ 22                                III. CONCLUSION

¶ 23    The December 13, 2023, order of the circuit court of Cook County is affirmed.

¶ 24    Affirmed.

¶ 25    JUSTICE LYLE, dissenting:

¶ 26    The allegations that defendant victimized a child are horrendous and nothing said herein is meant to minimize the despicable nature of such an offense. I question, however, whether the circuit court in this instance complied with the Act. The legislature revised the system for determining whether and under what circumstances defendants should be granted pretrial release. This revised system creates a presumption that, "[all] defendants shall be presumed eligible for pretrial release." 725 ILCS 5/110-6.1(e). To overcome that presumption and meet its burden, the State must prove that: (1) the proof is evident or the presumption is great that the defendant committed a detainable offense; (2) the defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case; and (3) no condition or combination of conditions can mitigate (i) the real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case or (ii) the defendant's willful flight. *Id.* § 110-6.1(e)(1)-(3); see *People v. Stock*, 2023 IL App (1st) 231753, ¶¶ 13-15.

¶ 27    After receiving a proffer from the State on those elements and analyzing the evidence presented, the circuit court is then required to "make a written finding summarizing the court's reasons for concluding that the defendant should be denied pretrial release." 725 ILCS 5/110-

6.1(h)(1). Additionally, that finding shall include an explanation of "why less restrictive conditions would not avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, or prevent the defendant's willful flight from prosecution." *Id.* Reviewing courts, in fact, look to the record of the hearing and the written findings to determine whether the statutory requirements have been met. See *People v. Andino-Acosta*, 2024 IL App (2d) 230463, ¶ 19 (the court's "written findings must be read in conjunction with its oral pronouncements").

¶ 28 Here, the circuit court's written order simply stated that there was "no way to guarantee that [Mr. Carpenter] will not come into contact with any other children if released." This conclusory statement failed to meet the statutory requirements for a written order. In its proffer, the State failed to present individualized information to the court about the defendant's potential risk to children in the community based on his criminal background or home life. Since the court did not have any information regarding the defendant's potential to come into contact with minors, it abused its discretion when it found that no condition or combination of conditions could have mitigated the real and present threat to the safety of minors in the community.

¶ 29 Generally, circuit courts are not permitted to simply recite the elements of the offense to satisfy section 110-6.1(h)(1). If the State was only required to present the allegations of the offense to meet all three burdens required by the Act, the legislature's proclamation that all criminal defendants are eligible for pretrial release would be meaningless. See *People v. Atterberry*, 2023 IL App (4th) 231028, ¶ 19. Someone charged with murder by shooting a person with a gun, cannot be detained by simply saying as to the third element, he or she murdered someone with a gun. See *People v. Freeman*, 2024 IL App (1st) 232476-U, ¶ 31 (finding the circuit court abused its

discretion because the court "simply recited the offense charged" and did not explain why less restrictive conditions outside of detention could not mitigate any real and present threat to the community). Rather, it is the State's responsibility to present specific articulable facts of the case to the circuit court in support of its position that there are no less restrictive conditions adequate to mitigate the threat posed by that defendant. It then becomes the court's responsibility to articulate the basis for its finding that the defendant will be detained in its summary.

¶ 30    This is not to imply that there are never cases where the articulable facts of the offense cannot support a circuit court's order to detain. The court however must extricate those facts and apply them to its analysis and state them as the basis for the detention finding. The Act mandates that each person will be provided a particularized hearing, weighing the statutorily prescribed factors in determining the grant or denial of pretrial release. See 725 ILCS 5/110-6.1(f)(7). It is according to the mandated factors that the State must meet its burden and the court must explain its decision showing that the potential conditions have been reviewed and evaluated as to this defendant. See *id.* § 110-6.1(e), (h)(1). Defendants facing horrendous charges must also be afforded the protections of the Act. The circuit court's order must show that the State met its burden, and that the court analyzed the defendant, making individualized findings as to sections 110-6.1(e)(1)-(3). A conclusory statement as to either requirement does not satisfy this burden.

¶ 31    I find the court did not show that it conducted a detailed analysis based on the mandated factors in this instance.

No. 1-24-0037B

---

*People v. Carpenter*, **2024 IL App (1st) 240037**

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 23-CR-0127501; the Hon. Diana L. Kenworthy, Judge, presiding. |
| | |
| **Attorneys for Appellant:** | Sharone R. Mitchell Jr., Public Defender, of Chicago (Rebecca A. Cohen, Assistant Public Defender, of counsel), for appellant. |
| | |
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Beth Pfeiffer Burns, Assistant State's Attorney, of counsel), for the People. |