2025 IL App (1st) 251555-U

FIRST DISTRICT
SECOND DIVISION
November 4, 2025

No. 1-25-1555B

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| | ) | Appeal from the Circuit Court |
| Plaintiff-Appellee, | ) | of Cook County, Illinois |
| | ) | |
| vs. | ) | No. 20 CR 1271301 |
| | ) | |
| JAMAR D. SIMS, | ) | Honorable Kevin P. Cunningham, |
| | ) | Judge Presiding |
| Defendant-Appellant. | ) | |

_____

JUSTICE ELLIS delivered the judgment of the court.
Presiding Justice Van Tine and Justice McBride concurred in the judgment.

**ORDER**

¶ 1　*Held*: Affirmed. State proved by clear and convincing evidence that detention of defendant was appropriate.

¶ 2　Defendant Jamar D. Sims appeals his pretrial detention order. He argues on appeal that the State failed to prove that no set of conditions could mitigate his threat. For the reasons we explain below, we affirm the trial court's detention order.

¶ 3　　　　　　　　　　　　　BACKGROUND

¶ 4　Defendant was arrested on November 10, 2020 and charged by complaint with the first-degree murder of George Walker, the attempted murder of Gabriel Delgado, and armed robbery. Under the previous pretrial-detention laws, defendant's bond was set at $2 million. He was later formally indicted on 24 counts, including first-degree murder, four counts of attempted murder,

six counts of armed robbery based on discharge of a firearm, two counts of aggravated battery based on discharge of a firearm, and three counts of aggravated unlawful restraint. Defendant was 17 years old at the time of arrest.

¶ 5 In May 2021, defendant moved for a reduction in bail. By then age 18, defendant argued that he had been detained over six months without incident, he suffered from asthma, and he contracted Covid-19 while incarcerated. He argued that he lived with his mother and was not a flight risk. He claimed that he could pay $20,000 in bail. The court denied the motion.

¶ 6 In October 2024, under the new pretrial-detention laws, defendant petitioned for release on electronic monitoring with home confinement. He raised the same arguments, only by then he had been in county lockup for four years without disciplinary issues.

¶ 7 The State responded with a petition to detain. The detention hearing proceeded by way of proffer only. The State first argued that the proof was evident and presumption great that defendant committed multiple detainable offenses. The State argued that defendant posed a real and present threat the two witnesses to the crime and to the community at large. The State recited the facts of the case known to date.

¶ 8 On November 7, 2020, Gabriel Delgado had arranged a cannabis sale with defendant's co-defendant in the town of Hazel Crest. George Walker (the murder victim), Delgado (the victim of attempted murder), and a third man arrived at the prearranged location by car. Delgado was the driver, Walker the front seat passenger, and a third individual was in the back seat. They met with defendant and the codefendant. An argument ensued about the payment for the cannabis. Defendant demanded that the three victims give him "what they got."

¶ 9 As the codefendant took Delgado's phone, defendant stepped back and fired a semi-automatic firearm into the vehicle multiple times, killing Walker with a gunshot to the head and

2

injuring Delgado, who was struck several times but managed to drive away. Defendant continued to fire at the vehicle as it drove away.

¶ 10     The other witness in the car identified defendant as the shooter. When the police questioned defendant after admonishing him of his *Miranda* rights, he initially claimed to have been out of town but later admitted that he was present during the incident. His cell phone data corroborated his presence.

¶ 11     Based on these facts, the State argued that defendant posed a threat to both Delgado and the third individual in the car, who was a witness and someone defendant knew. The State further claimed that defendant was a threat to the safety of the community at large. Finally, the State claimed that no condition or combination of conditions could mitigate the threat defendant posed, particularly to the witnesses.

¶ 12     In response, defense counsel acknowledged that it would be unusual to release someone accused of first-degree murder but claimed that the circumstances here warranted release. Namely, defendant was 17 at the time of the shooting, he lacked a criminal record before the events that led to his arrest, he had spent four years in county lockup without a disciplinary infraction, and the State still had not completed discovery. Counsel asked for defendant's release under electronic monitoring in his mother's home. Members of defendant's family were present in court for the hearing.

¶ 13     After finding the proof evident and presumption great that defendant committed detainable offenses, finding that defendant was a threat to the witnesses in this case and the community at large, and determining that no set of pretrial-release conditions could mitigate the threat, the court ordered defendant detained.

¶ 14    Defendant filed a motion for relief—two of them, in fact. He argued that he was not a flight risk, emphasized that he turned himself into police, and asked again for release on electronic monitoring. The State responded that, while he turned himself in, defendant initially lied, claiming that he was out of town at the time of the offenses before later admitting his presence at the scene of the crime, which cell-site location information confirmed. As for conditions of release, the State argued that "electronic monitoring is no longer looked at by the sheriffs, there is really no safe way to keep track of this defendant and there is no good alternative for him."

¶ 15    The trial court denied defendant's motion for relief. The court again found that the proof was evident and presumption great that defendant was involved in the transaction of a small amount of cannabis, whereupon he pulled out a gun and fired the shots that killed one man and wounded another. The court found that defendant posed a real and present threat to the community because the defendant participated in setting up the victims to rob them. The court also noted that defendant could have struck other people in the area when he fired at the fleeing vehicle.

¶ 16    The court acknowledged defendant's lack of a criminal history but noted that defendant "effectively jumped right into the deep end of the pool" with his first crime. The court found that defendant "went there with a gun with the intent to do this robbery," that "[i]t was planned." The court stated that it lacked confidence that pretrial-release conditions could mitigate the threat defendant posed. This appeal followed.

¶ 17                                ANALYSIS

¶ 18    Under the pretrial-release statutes, defendants are presumed eligible for pretrial release. 725 ILCS 5/110-2(a) (West 2022); *id*. § 110-6.1(e). The State may detain an accused only if it

establishes that the charged offense is eligible for detention and then proves that (1) the proof is evident or the presumption great that the defendant committed that detention-eligible offense; (2) the defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case; and (3) no condition or combination of conditions can mitigate that real and present threat. *Id*. § 110-6.1(e).

¶ 19    The State must prove each and every one of these three facts by clear and convincing evidence. *Id*. Clear and convincing evidence is "that quantum of proof that leaves no reasonable doubt in the mind of the factfinder about the truth of the proposition in question." *In re Tiffany W.*, 2012 IL App (1st) 102492-B, ¶ 12. If the State fails to carry its burden on any of these three facts, the presumption of release remains, and detention is unlawful. 725 ILCS 5/110-6.1(e) (West 2022).

¶ 20    When, as here, the court's decision is based on proffers alone and no live testimony, our standard of review is *de novo*. *People v. Morgan*, 2025 IL 130626, ¶ 54.

¶ 21    On appeal, defendant argues that the court erred in finding that the State had satisfied the third prong, that no set of conditions could mitigate any risk posed by defendant. That argument inevitably bleeds into the second prong, the threat defendant poses to specific individuals or the community at large; it is all but impossible to measure the effectiveness of the pretrial-release conditions without balancing it against the gravity of the threat requiring mitigation. See *People v. Carpenter*, 2024 IL App (1st) 240037, ¶ 17 ("The proof as to the danger presented by a defendant's pretrial release will frequently overlap with the evidence supporting a conclusion that less restrictive conditions cannot mitigate the threat.").

¶ 22    The circuit court was correct to identify the threat posed here as significant. The crime, as proffered, was a premeditated plan to rob others with the use of a firearm over what was allegedly a small amount of cannabis. And defendant obviously used the firearm as more than a

5

threat; he opened fire into a vehicle. He likewise continued to shoot at the vehicle as it drove away. These actions show not only a willingness to take human life but to recklessly threaten members of the public who were completely uninvolved in the drug transaction at issue.

¶ 23    Defendant rightly points to his lack of criminal history, but it also fair to say, as the trial court and the State did here, that there is no crime more violent or dangerous than killing and maiming individuals by opening fire in public.

¶ 24    The State correctly notes as well that defendant poses a threat to the two individuals who would serve as witnesses against him, Delgado and the third man in the car, who is also known to defendant. On this point, consider again the fact that defendant continued to fire on the vehicle as it drove away. The odds of a successful robbery, as Delgado drove the car away, would appear slim. So why continue shooting? It is reasonable to infer that defendant was attempting to eliminate witnesses to his crimes. So the trial court was correct to find that defendant posed a threat not only to the community at large but to the specific witnesses, Delgado and the other man in the vehicle.

¶ 25    For much the same reason, we agree that no condition or set of conditions could mitigate this threat. As proffered, defendant has already demonstrated a willingness to plan a crime involving the use of a gun and to use that firearm. He has already shown a willingness to open fire in public on a fleeing vehicle. And it is reasonable to infer that the reason he shot at the vehicle as it drove away was to eliminate the witnesses who could testify against him. We agree with the circuit court that allowing defendant pretrial release, even if restricted by electronic monitoring, would be insufficient mitigation against the risk defendant poses to these witnesses and the public at large.

¶ 26    The law requires that we review the information provided, in this case by proffer. By no

mean should our discussion be taken as a commentary on the quality of evidence that may be introduced at trial; defendant retains the presumption of innocence at this stage.

¶ 27    The judgment of the circuit court is affirmed.

¶ 28    Affirmed.