NOTICE
Decision filed 12/08/23. The text of this decision may be changed or corrected prior to the filing of a Petiion for Rehearing or the disposition of the same.

2023 IL App (5th) 230881

NO. 5-23-0881

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Coles County. |
| | ) | |
| v. | ) | No. 22-CF-366 |
| | ) | |
| SKYLER P. LONG, | ) | Honorable |
| | ) | Brian L. Bower, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE CATES delivered the judgment of the court, with opinion.
Justices Moore and Barberis concurred in the judgment and opinion.

**OPINION**

¶ 1     The defendant, Skyler P. Long, appeals the trial court's order finding that the defendant's continued detention was necessary under section 110-6.1(i-5) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1(i-5) (West 2022)), as amended by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity Today Act (Act).[1] See Pub. Act 101-652, § 10-255 (eff. Jan. 1, 2023); see also Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act). We affirm.

_____

[1]The Act has been referred to as the "SAFE-T Act" and the "Pretrial Fairness Act." Neither name is official, as neither appears in the Illinois Compiled Statutes or the public act. See *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

1

¶ 2                                    I. BACKGROUND

¶ 3     On June 24, 2022, the defendant, Skyler Long, was charged by information in Coles County with two counts of criminal sexual assault. Count I alleged that the defendant committed criminal sexual assault in that he placed his finger in the vagina of W.B. by the use of force or threat of force (720 ILCS 5/11-1.20(a)(1) (West 2020)), a Class 1 felony. Count II alleged that the defendant committed criminal sexual assault in that he placed his finger in the vagina of W.B., who was unable to give knowing consent due to her age and/or intoxication (720 ILCS 5/11-1.20(a)(2) (West 2020)), a Class 1 felony. The defendant was subsequently arrested and taken into custody.

¶ 4     A bond hearing was held on June 27, 2022. The trial court set a cash bond in the amount of $125,000, with 10% to apply. The court also imposed additional conditions of pretrial release. The defendant was required to submit to a substance abuse evaluation prior to his release from custody and a screening for participation in the pretrial services program. He was ordered to refrain from any contact with the victim or her place of residence.

¶ 5     On September 14, 2023, the State filed a verified petition to deny pretrial release under section 110-6.1 of the Code (725 ILCS 5/110-6.1 (West 2022)).[2] The State alleged that the defendant was charged with criminal sexual assault, a qualifying offense. The State further alleged that the defendant posed a real and present threat to the safety of persons or the community, because he committed criminal sexual assault on a minor member of his family and because he was found in possession of several images of child pornography on his cell phone, and that no

_____

[2]Notably, the filing of this petition was premature, as the effective date of the Act was September 18, 2023. *Rowe*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023).

conditions of pretrial release could mitigate the real and present threat to the safety of the victim and the community.

¶ 6    On September 18, 2023, the trial court held a pretrial release hearing. The defendant did not object to the timeliness of the State's petition and agreed to proceed to a hearing on the State's petition. During its proffer, the State initially noted that the defendant was charged with a nonprobationable offense. The State advised the court that, at the time of the offense, the victim was a minor and a cousin of the defendant. The State also advised that the victim had given a statement to the police. The victim reported that, while she was in a vehicle with the defendant, the defendant repeatedly begged her to engage in sexual activities and she rebuffed him. The defendant then parked the vehicle. Despite the victim's repeated objections, the defendant grabbed her breasts and buttocks, kissed her neck, and then forcefully penetrated her vagina with his fingers. The State indicated that it had additional evidence to corroborate the victim's statement that she was in the car with the defendant. The State also indicated that the defendant had a pending case involving possession of child pornography. The State argued that the defendant should be detained because he posed a real and present threat to the victim, other minor females, and the community.

¶ 7    In response, the defendant's counsel stated that the defendant denied knowingly possessing pornographic images on his phone. Counsel asserted that the defendant did not download the pornographic images and believed it was done by someone else. Counsel also asserted that the victim, W.B., was not fearful that the defendant would harm her. In support, counsel represented that W.B. had written a letter to the State, and he proffered a copy of the hand-printed letter. The letter indicated that the victim did not see the defendant "as a threat," that she was "not in fear of him," and that she "would be okay with him temporarily being out on bond until trial." Counsel

3

argued that pretrial detention was not required in this case. Counsel suggested that conditions, such as limiting the defendant's access to social media and an electronic monitoring device, could mitigate the threats noted by the State. In rebuttal, the State argued that the defendant posed a real and present threat not only to the safety of the victim but to other children in the community and that the letter should be weighed against that real and present threat.

¶ 8     At the conclusion of the proffers and arguments, the trial court issued its decision from the bench. The court indicated that it gave little weight to the letter offered by the defense because the circumstances under which the letter was written were unknown and because the letter provided no indication that the sexual assault had not occurred. The court found by clear and convincing evidence that the proof was evident or the presumption great that the defendant committed a qualifying offense, that the defendant posed a real and present threat to the safety of persons or the community based on the specific articulable facts of the case, and that no condition or a combination of conditions could mitigate the real and present threat the defendant posed to those persons or the community. The court further noted that the evidence showed the defendant had committed a sex offense and that the named victim was a minor at the time of the offense. The court prepared a written order granting the State's petition to deny pretrial release. The defendant did not appeal this order.

¶ 9     On September 25, 2023, the trial court conducted a pretrial hearing. During the hearing, defense counsel made an oral motion for the defendant's release from custody. The trial court then conducted a detention review hearing and permitted the parties to present evidence and argument concerning the need for continued detention. In support of the defendant's request for pretrial release, defense counsel restated the arguments he previously made during the September 18, 2023, pretrial release hearing. Defense counsel again argued that the defendant did not pose a

threat to W.B. In support of his argument, he referenced W.B.'s letter and proffered a letter from W.B.'s father. Therein, W.B.'s father indicated that he did not believe the defendant would pose a threat to W.B. and that he and W.B. would have no contact with the defendant if he was released. Based upon these letters, counsel argued that neither W.B. nor her father feared for their safety if the defendant was granted pretrial release.

¶ 10 The State objected to the defendant's request. The State indicated that, while it did not have any new information to present to the court, there remained a risk of harm to the victim and the community. The State argued that, given the sworn synopsis of the initial criminal sexual assault of the defendant's family member and the discovery of child pornography on the defendant's phone, all of the reasons for the initial detention order were still present and that no condition or conditions of release could mitigate the real and present threats to the victim and the community.

¶ 11 After considering the defendant's proffer and the parties' arguments, the trial court initially found that the statements of the victim and her father, indicating that they did not fear the defendant, were just beliefs or opinions. The court then noted it was required to "look at every hearing with individuals who are detained as a review of the detention." The court found by clear and convincing evidence that continued detention of the defendant was "necessary to avoid the specific real present threat to specific persons." The court ordered "the continued detainment" of the defendant. The court's order was written in a docket entry dated September 25, 2023. Subsequently, the defendant appealed pursuant to Illinois Supreme Court Rule 604(h) (eff. Sept. 18, 2023).

¶ 12                                        II. ANALYSIS

¶ 13 In the notice of appeal, the defendant indicates he is appealing the order entered September 25, 2023. Defendant's counsel did not file a supporting legal memorandum or a notice in lieu of a

5

memorandum pursuant to Illinois Supreme Court Rule 604(h)(2) (eff. Sept. 18, 2023). Instead, the defendant and his counsel rely upon the standardized form for appeal under the "Pretrial Fairness Act." On the line for "Relief Requested," the defendant requested "Reversal of the Circuit Court's Order maintaining pretrial detention." Notably, as grounds for relief, the defendant does not claim that the trial court erred in finding that continued detention was necessary. Instead, he claims that the State failed to meet its burden to prove that the defendant posed a real and present danger to the safety of any person or the community and that no conditions of release could mitigate the alleged threat to the safety of the victim or the community.

¶ 14    Pretrial release is governed by article 110 of the Code (725 ILCS 5/art. 110 (West 2022)), as amended by the Act. Under the Code, a defendant's pretrial release may only be denied in certain statutorily limited situations. See 725 ILCS 5/110-2(a), 110-6.1 (West 2022). Here, the defendant's appeal is from an order of continued detention under section 110-6.1(i-5) of the Code (725 ILCS 5/110-6.1(i-5) (West 2022)).

¶ 15    Section 110-6.1(i-5) addresses proceedings that occur after the court has issued a pretrial detention order pursuant to section 110-6.1(a) and (h) of the Code (725 ILCS 5/110-6.1(a), (h) (West 2022)). Section 110-6.1(i-5) provides:

> "At each subsequent appearance of the defendant before the court, the judge must find that continued detention is necessary to avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, or to prevent the defendant's willful flight from prosecution." 725 ILCS 5/110-6.1(i-5) (West 2022).

¶ 16    The trial court's pretrial release determination is reviewed for an abuse of discretion. See *People v. Inman*, 2023 IL App (4th) 230864, ¶ 10 (citing *People v. Simmons*, 2019 IL App (1st)

6

191253, ¶ 9). Similarly, we find that the abuse of discretion standard is applicable to a review of the trial court's order of continued detention under section 110-6.1(i-5) of the Code. An abuse of discretion occurs when the trial court's decision is arbitrary or fanciful or where no reasonable person would agree with the position adopted by the trial court. *Simmons*, 2019 IL App (1st) 191253, ¶ 9.

¶ 17    In this case, the trial court held a pretrial release hearing on September 18, 2023. Following that hearing, the trial court issued a written order of pretrial detention. The defendant did not appeal that order of detention and has, therefore, forfeited any challenge to the propriety of that order. Accordingly, our review is limited to the trial court's determination that the defendant's continued detention was necessary under section 110-6.1(i-5).

¶ 18    The record shows that on September 25, 2023, the trial court held a detention review hearing pursuant to section 110-6.1(i-5). During the hearing, the trial court allowed the parties to present evidence and argument regarding the need for continued detention. Defendant's counsel argued that the defendant did not present a threat to the safety of the victim and argued for pretrial release. Counsel proffered the letters from the victim and her father indicating that they did not fear harm from the defendant and that they would have no contact with the defendant as evidence in support of his argument. It is important to note that the victim's letter was not a "new" piece of information. The letter had been offered as part of the defendant's proffer during the original pretrial release hearing on September 18, 2023, and it had been given little weight by the trial court. The State's position was that nothing had changed, that the defendant continued to pose a real and present threat to the victim and the community, and that no condition or conditions could mitigate that threat. The trial court indicated that it had considered the letters offered by the defense but found that they contained only the opinions or beliefs of the authors and did not alter the facts.

7

There was no showing that the defendant no longer posed a real and present threat to the victim or the community or that some combination of conditions could mitigate the threat. The trial court determined that continued detention was necessary to avoid the specific real and present threat to the safety of specific persons based on the specific, articulable facts of this case.

¶ 19    After a thorough review of the record, we do not find that the trial court abused its discretion in ordering the defendant's continued detention. The trial court conducted the proceedings in accordance with section 110.6-1(i-5) of the Code, and its decision was not arbitrary, fanciful, or unreasonable.

¶ 20                                III. CONCLUSION

¶ 21    Accordingly, the trial court's order of continued detention is affirmed.

¶ 22    Affirmed.

**People v. Long**, 2023 IL App (5th) 230881

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Coles County, No. 22-CF-366; the Hon. Brian L. Bower, Judge, presiding. |
| **Attorneys for Appellant:** | Sean M. Britton, of Britton Law Offices, LLC, of Charleston, for appellant. |
| **Attorneys for Appellee:** | Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People. |