2024 IL App (1st) 240515-U

Fourth Division
Filed May 28, 2024

No. 1-24-0515B

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, <br><br>     Plaintiff-Appellee, <br><br>     v. <br><br> JAMAL JONES, <br><br>     Defendant-Appellant. | Appeal from the <br> Circuit Court of Cook County <br><br> No. 24 CR 00349 01 <br><br> The Honorable Tyria B. Walton, <br> Judge, presiding. |

JUSTICE OCASIO delivered the judgment of the court.
Presiding Justice Rochford and Justice Hoffman concurred in the judgment.

**ORDER**

¶ 1    *Held:* Because the defendant had already been denied pretrial release after an earlier detention hearing, the order granting the State's second detention petition and denying pretrial release is vacated, and the cause is remanded for the court to determine whether the defendant's continued detention is necessary under section 110-6.1(i-5) of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-6.1(i-5) (West 2024)).

¶ 2    Defendant Jamal Jones was arrested and charged by complaint with one count of unlawful use of a weapon by a felon and two counts of unlawful possession of a weapon. At his initial appearance on December 13, 2024, the State filed, and the trial court granted, a petition to deny pretrial release on the basis that he posed a danger to the community that could not mitigated by any set of release conditions. The State later filed a superseding indictment, and the case was transferred to the Criminal Division. After the case was transferred, Jones filed a petition for

release that, for reasons not clear from the record, was denominated a "Petition to Remove Financial Conditions of Pretrial Release." In response, the State filed a second detention petition, again based on dangerousness. The second detention petition was based on the same facts that were proffered at the original detention hearing. On February 26, 2024, the trial court held a detention hearing. After hearing the parties' respective proffers and arguments, the court found that the State had shown by clear and convincing evidence that the proof was evident and the presumption great that Jones had committed a detainable offense, that Jones was a flight risk, and that no conditions of release could mitigate the risk that he would flee prosecution. It therefore denied Jones's petition for release, granted the State's petition for detention, and entered a written form order denying pretrial release. Jones filed a motion to reconsider, which the court denied on March 1 after finding that nothing had changed in the interim.

¶ 3    Jones now appeals the court's February 26 order denying pretrial release and its March 1 order denying the motion to reconsider. On appeal, he argues that the State failed to carry its burden of proving by clear and convincing evidence that he posed a risk to community safety and that no conditions of release could mitigate that risk. He also argues that the trial court erred by finding that he was a flight risk, which was not the basis for detention alleged by the State, and by entering a written detention order that did not elaborate on why the court had found it necessary to deny pretrial release. We do not reach Jones's arguments because our review of the record reveals a more fundamental problem, which is that the parties and the court treated the February 26 hearing as an initial detention hearing.

¶ 4    Under the recent overhaul to the statutes governing pretrial release, all defendants are presumptively entitled to release under appropriate conditions. 725 ILCS 5/110-2(a) (West 2024). For pretrial release to be denied, the State must first file a verified petition seeking detention on the basis that the defendant either poses a real and present threat to somebody else's safety or is likely to flee from prosecution. See *id.* § 110-6.1(a). The court then conducts a hearing at which the State bears the burden of proof by clear and convincing evidence. *Id.* § 110-6.1(e). At the hearing, the State must show that the proof is evident or the presumption great that the defendant

committed a detainable offense. *Id.* § 110-6.1(e)(1). If the State is seeking to detain based on dangerousness, it must also show that "the defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case." *Id.* § 110-6.1(e)(2). Finally, the State must show that no set of release conditions can mitigate the threat or flight risk posed by the defendant. *Id.* § 110-6.1(e)(3). If the court finds that the State has carried its burden and denies pretrial release, then it must enter an order that sets out the reasons for detention, commits the defendant to the sheriff's custody, and includes certain directions to the sheriff that are required by the statute. *Id.* § 110-6.1(h)(1) to (4).

¶ 5    Once the court has denied pretrial release, at each subsequent court appearance, it still "must find that continued detention is necessary." *Id.* § 110-6.1(i-5). As at an initial detention hearing, the burden remains on the State to justify detention. *People v. Harris*, 2024 IL App (2d) 240070, ¶ 39 (citing *People v. Stokes*, 2024 IL App (1st) 232002-U, ¶ 29); but see *People v. Mansoori*, 2024 IL App (1st) 232351, ¶ 18 (stating that subsection (i-5) "does not *** place a burden of proof on any party). The court's finding "necessarily entails consideration of the threat or flight risk posed by a defendant and the potential mitigation of such threat or flight risk by conditions of release." *People v. Casey*, 2024 IL App (1st) 230568, ¶ 13. But the inquiry does not call for the same kind of proceedings that took place at the initial detention hearing. The State is not meant to file a detention petition. See *Mansoori*, 2024 IL App (1st) 232351, ¶ 18. The court does not need to make the same detailed findings that were required at the initial hearing. *Casey*, 2024 IL App (1st) 230568, ¶ 13. It also does not need to enter a new detention order. *Harris*, 2024 IL App (2d) 240070, ¶ 41. And on appeal from a continued-detention order, the court's "review is limited to the trial court's determination that the defendant's continued detention was necessary under section 110-6.1(i-5)." *People v. Long*, 2023 IL App (5th) 230881, ¶ 17.

¶ 6    Here, Jones had already been denied pretrial release after the December 13, 2023 hearing. On February 26, then, the only question for the court was whether it was still necessary to detain him. See 725 ILCS 5/110-6.1(i-5) (West 2024). From our review of the record, it appears instead that the court conducted a full-blown detention hearing: it made the findings that are required to

deny release at an initial detention hearing, it expressly granted the State's unnecessary petition, and it entered an order on a form that is designed to comply with the specific requirements of section 110-6.1(h). We therefore vacate the trial court's February 26, 2024 order and remand for the court to conduct the proper inquiry into Jones's continued detention under section 110-6.1(i-5). Our decision has no effect on the December 13, 2023 order denying pretrial release, which remains in effect unless and until the trial court finds that continued detention is no longer necessary.

¶ 7       Vacated and remanded with directions.