2025 IL App (1st) 2454-U

No. 1-24-2454B

Order filed February 18, 2025

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 24 CR 7946 |
| | ) | |
| MARK WILSON, | ) | Honorable |
| | ) | Shauna L. Boliker and |
| Defendant-Appellant. | ) | Natosha C. Toller, |
| | ) | Judges, presiding. |

PRESIDING JUSTICE VAN TINE delivered the judgment of the court.
Justices McBride and Ellis concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the trial court's orders imposing and continuing pretrial detention over defendant's contention that the court erred in finding that no conditions of pretrial release could mitigate the threat defendant poses to the community based on his criminal background.

¶ 2    Defendant Mark Wilson appeals the trial court's orders imposing and continuing pretrial detention pursuant to article 110 of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-1 *et seq.* (West 2022)), as amended by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as

the Pretrial Fairness Act.[1] See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      Defendant is charged with being an armed habitual criminal (720 ILCS 5/24-1.7(a) (West 2022)), unlawful possession of a weapon by a felon (*id.* § 24-1.1(a)), and aggravated unlawful possession of a weapon (*id.* § 24-1.6(a)(1)/(3)(C)).[2] The charges arise out of a traffic stop in Chicago on July 11, 2024, in which police allegedly recovered a loaded firearm from defendant's vehicle.

¶ 5      Pretrial Services' public safety assessment indicates that defendant has previously been convicted of a felony, has prior violent convictions, and had another pending criminal case at the time of his arrest in this case. The assessment includes a new violent criminal activity flag. Defendant scored 5 out of 6 in terms of new criminal activity and 3 out of 6 in terms of failure to appear. Pretrial Services recommended maximum conditions if the trial court granted pretrial release.

¶ 6      On July 12, 2024, the State filed a petition for pretrial detention pursuant to section 110-6.1(a)(6) of the Pretrial Fairness Act (725 ILCS 5/110-6.1(a)(6) (West 2022)). The State alleged that the proof was evident or the presumption great that defendant committed the qualifying

---

[1]The legislation has also been referred to as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act. Neither commonly known name is official, as neither appears in the Illinois Compiled Statutes or the public act.

[2]Effective January 1, 2025, section 24-1.7 of the Criminal Code of 2012 has been renamed from "[a]rmed habitual criminal" to "[u]nlawful possession of a firearm by a repeat felony offender." The elements of this offense have not changed. We will refer to this offense as "armed habitual criminal" because that is the version of the statute under which defendant was charged.

offense of being an armed habitual criminal and posed a real and present threat to the safety of the community because he possessed a loaded firearm while having multiple prior felony convictions, and that no conditions of pretrial release could mitigate that threat. Following a hearing the same day, Judge Boliker granted the State's petition.[3] Judge Boliker specifically noted that defendant posed a threat to the community because he was previously convicted of one count of armed robbery and three counts of robbery, all of which resulted in prison sentences.

¶ 7       Defendant then filed what his counsel called a "motion to review the conditions of his pretrial release." This motion is not included in the record on appeal and there is no indication that defendant was ever granted pretrial release with conditions the trial court could have reviewed. In any event, at the September 30, 2024, hearing on this motion before Judge Toller, defendant requested pretrial release so he could work to support his pregnant girlfriend and care for his sick mother. The State opposed pretrial release, arguing that Judge Boliker had already properly ordered pretrial detention, and that Judge Toller should not change that ruling. The State proffered that police stopped defendant's vehicle for expired license plates on July 11, 2024, and saw defendant leaning over the center console. Police searched his vehicle and recovered a loaded 9-millimeter firearm. Defendant did not have a valid Firearm Owner's Identification card or a concealed carry license. The State also proffered that, in 2012, defendant was convicted of three counts of robbery and sentenced to five years in prison. While on parole in that case, in 2015, defendant was convicted of armed robbery and sentenced to 16 years in prison. In the armed robbery case, defendant discharged a firearm at security offers while attempting to flee. Defendant completed parole in the armed robbery case in June 2023 but had a pending DUI charge in Indiana

---

[3]The record on appeal does not include reports of proceedings for the July 12, 2024, initial pretrial detention hearing, but it does include Judge Boliker's written order.

at the time of his arrest in this case in July 2024. The State argued that defendant posed a threat to the community because he had been convicted of 4 violent crimes in the 12 years prior and had a history of possessing and discharging firearms while on parole. Finally, the State argued that no less restrictive means could mitigate the threat to the community because of defendant's pattern of committing new offenses while on parole for prior offenses.

¶ 8    Judge Toller denied defendant's request for pretrial release. She found that (1) the proof was evident or the presumption great that defendant committed a qualifying offense because police recovered a loaded firearm from his vehicle when his criminal background prohibited him from possessing any kind of firearm, (2) defendant posed a threat to the community's safety based on his criminal background, and (3) no conditions of pretrial release could mitigate that threat because defendant had demonstrated "complete disregard for the law" by committing new offenses while on parole and while he already had another pending criminal case.

¶ 9    On November 12, 2024, defendant filed a motion for relief pursuant to Supreme Court Rule 604(h)(2) (eff. Apr. 15, 2024). Defendant argued that "pretrial release should not have been revoked [*sic*]" because (1) the State failed to prove that no conditions of pretrial release could "mitigate the real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case, or the defendant's willful flight" and (2) the court erred in finding that no conditions of pretrial release could ensure his appearance at future hearings or prevent him from being charged with new offenses.[4] Defendant again requested pretrial release on electronic or GPS monitoring.

---

[4]The trial court never found that no conditions of pretrial release could ensure defendant's appearance at future hearings or prevent him from being charged with new offenses. All of the trial court's detention orders were based on the threat defendant poses to the community.

¶ 10　On November 14, 2024, Judge Toller denied defendant's motion for relief. Judge Toller again found that that (1) proof was evident or the presumption great that defendant committed a qualifying offense, (2) defendant posed a threat to the community's safety because he "ha[d] several prior felony convictions for robbery [and] most recently armed robbery" and because he was arrested in this case "[w]ithin one year of being released from parole," and (3) no conditions of pretrial release could mitigate the threat defendant posed because of his history of being arrested while on parole.

¶ 11　Defendant timely appealed.

¶ 12　　　　　　　　　　　　　　　II. ANALYSIS

¶ 13　It is unclear what exactly defendant seeks to challenge in this appeal because he has (1) conflated three different proceedings under the Pretrial Fairness Act—initial detention, continued detention, and revocation of pretrial release, (2) insisted that pretrial release was revoked at some point, which it was not, and (3) repeatedly raised the issue of whether he will appear for future hearings or be charged with new offenses if granted pretrial release, which the trial court never addressed.[5]

¶ 14　Defendant's notice of appeal does not clarify what he challenges on appeal, and he has chosen not to file a memorandum under Supreme Court Rule 604(h)(7) (eff. Apr. 15, 2024), which may have provided some explanation. Defendant's notice of appeal states that he is challenging the trial court's September 30, 2024, order of continued detention and its November 14 order

---

[5]Whether conditions of pretrial release could prevent a defendant from being charged with new offenses is not relevant to the initial or continued pretrial detention analysis. Rather, it is part of the analysis for *revocation* of pretrial release (725 ILCS 5/110-6(a) (West 2024)), which was never at issue in this case.

denying his motion for relief, but not the initial pretrial detention order of July 12. However, defendant attached all three orders to his notice of appeal, which suggests that he is challenging all three orders. Adding to this confusion, in the section titled "Nature of Order Appealed," defendant checked the boxes labeled "Denying pretrial release" and "Revoking pretrial release," even though pretrial release has never been revoked in this case.

¶ 15    As best we can tell, defendant challenges the trial court's finding that no conditions of pretrial release could mitigate the threat he poses to the safety of the community. This issue is an express element of the initial pretrial detention analysis under section 110-6.1(e)(3) and is functionally part of the continued detention analysis under section 110-6.1(i-5). 725 ILCS 5/110-6.1(e)(3), (i-5) (West 2022). The arguments in defendant's notice of appeal raise that issue, as does his Rule 604(h)(2) motion for relief, which requires the defendant to "present to the trial court a written motion requesting *the same relief to be sought on appeal* and the grounds for such relief" and "[i]ssues raised in the motion for relief are before the appellate court regardless of whether [an] optional memorandum is filed." (Emphasis added.) Ill. S. Ct. R. 604(h)(2), (7) (eff. Apr. 15, 2024). Therefore, we will review whether the trial court correctly found that no conditions of pretrial release could mitigate the threat defendant poses to the community such that pretrial detention was and continues to be justified.

¶ 16                          A. Initial Pretrial Detention Order

¶ 17    The Pretrial Fairness Act presumes that all defendants are eligible for pretrial release. 725 ILCS 5/110-6.1(e) (West 2022). Relevant here, the State may file a petition for pretrial detention when the proof is evident or the presumption great that the defendant committed the offense of being an armed habitual criminal and "the defendant's pretrial release poses a real and present

threat to the safety of any person or persons or the community, based on the specific articulable facts of the case." 725 ILCS 5/110-6.1(a)(6)(D) (West 2022). The State must prove by clear and convincing evidence that (1) the proof is evident or the presumption great that the defendant committed a detainable offense, (2) the defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community, and (3) no condition or combination of conditions of pretrial release would mitigate the real and present threat to the safety of any person or the community. *Id.* § 110-6.1(e)(1)-(3). Only the third element is at issue in this appeal. Because it appears that the parties did not present live witness testimony at the initial pretrial detention hearing, we review the trial court's ruling *de novo*. See *People v. Morgan*, 2025 IL 130626, ¶ 54.

¶ 18    Defendant's criminal history amply supports the conclusion that that no conditions of release could mitigate the threat defendant poses to the community. Defendant has three convictions for robbery in 2012, which resulted in a prison sentence. While on parole for those offenses in 2015, defendant committed armed robbery and discharged a firearm toward security officers, resulting in another felony conviction and prison sentence. Although defendant successfully completed parole in the armed robbery case, he had a pending DUI in Indiana when he was arrested in this case. This criminal history supports the inference that when defendant is not in custody, he tends to commit serious crimes, sometimes with firearms. If substantial prison time and being on parole does not prevent defendant from committing additional violent offenses, we fail to see how pretrial release with electronic monitoring would accomplish that goal. We agree with the trial court's initial pretrial detention order.

¶ 19                    B. Continued Pretrial Detention Order

¶ 20    We next review the trial court's September 30, 2024, order of continued detention. That order was prompted by a motion defendant filed, which is not in the record on appeal. However, the reports of proceedings indicate that it was essentially a motion for pretrial release on electronic or GPS monitoring.

¶ 21    The Act does not expressly allow a defendant to file a "motion for pretrial release" after the trial court has ordered pretrial detention. We have construed such motions as invoking the court's obligation under section 110-6.1(i-5) (725 ILCS 5/110-6.1(i-5) (West 2022)) to determine whether continued pretrial detention is necessary. See, *e.g.*, *People v. Harris*, 2024 IL App (2d) 240070, ¶ 37; *People v. Long*, 2023 IL App (5th) 230881, ¶¶ 9, 14; *People v. Washington*, 2024 IL App (1st) 240894-U, ¶¶ 15, 51-55; *People v. Castle*, 2024 IL App (1st) 240669-U, ¶¶ 3, 18-19. Section 110-6.1(i-5) provides that once a trial court has ordered pretrial detention, at each subsequent appearance of the defendant, the court must determine whether continued detention is necessary "to avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, or to prevent the defendant's willful flight from prosecution." 725 ILCS 5/110-6.1(i-5) (West 2022). However, the Act "does not require the court to again make specific findings that the State proved the three propositions by clear and convincing evidence as required at the initial hearing." *People v. Casey*, 2024 IL App (3d) 230568, ¶ 13. "Rather, the court need only consider whether continued detention is necessary to avoid a safety threat or prevent willful flight." *Washington*, 2024 IL App (1st) 240894-U, ¶ 39. Although our supreme court has not specifically addressed the standard of review for continued detention hearings under section 110-6.1(i-5), *Morgan* suggests that the standard of review for any

pretrial detention ruling under section 110-6.1 is *de novo* when the parties have proceeded by proffer and did not present live witness testimony. *Morgan*, 2025 IL 130626, ¶¶ 17, 54.

¶ 22    Based upon our *de novo* review, we affirm the trial court's order of continued detention. At the September 30, 2024, hearing, defendant presented no new information that would alter the trial court's initial conclusion that his detention was necessary to prevent a threat to the community. See 725 ILCS 5/110-6.1(i-5) (West 2022). The only facts defendant proffered were that he may be able to work if released, his girlfriend was pregnant, and his mother was sick. Those facts are not relevant to the continued detention analysis. See *id.*

¶ 23    We must note that the trial court did not follow proper procedures in addressing defendant's "motion for pretrial release." Instead of applying section 110-6.1(i-5) to determine whether continued detention was necessary to avoid a safety threat or prevent willful flight, the court made findings regarding the three elements required for an *initial* detention hearing. Given that defendant's motion asked the court to terminate his *continued* detention, the court did not need to conduct such an analysis. The Act does not provide for repeated initial detention hearings. *People v. Stokes*, 2024 IL App (1st) 232022-U, ¶ 36.

¶ 24    However, the trial court's application of the initial detention hearing analysis rather than the continued detention analysis does not change our conclusion that the court correctly ordered continued detention. At the September 30, 2024, hearing, the court found that defendant still posed a real and present threat to the community's safety, *i.e.*, the court made the finding required by section 110-6.1(i-5). See *Thomas*, 2024 IL App (1st) 240479, ¶ 14 (even though the court analyzed the three elements of initial detention, its findings "necessarily encompassed the continued detention finding required by section 110-6.1(i-5)."); *Casey*, 2024 IL App (3d) 230568, ¶ 13

(propriety of continued detention to avoid a real and present threat to the safety of any person, persons, or the community "necessarily entails consideration of the threat or flight risk posed by a defendant and the potential mitigation of such threat or flight risk by conditions of release."). That is, the court reached the correct conclusion even though its analysis was overly comprehensive. See *Washington*, 2024 IL App (1st) 240894-U, ¶ 55. We can affirm the trial court's conclusion on any basis apparent from the record (see *People v. Johnson*, 208 Ill. 2d 118, 128 (2003)), and defendant's criminal background supports the order of continued detention in this case.

¶ 25     We address this issue to illustrate that, following a proper initial pretrial detention order, a defendant cannot use continued detention hearings under section 110-6.1(i-5) or motions filed in relation to such hearings to obtain a 'do-over' of the initial detention hearing. This practice results in unnecessary relitigation of the initial pretrial detention hearing. The State is not required to repeatedly prove the three elements it must prove to obtain an initial pretrial detention order. *Harris*, 2024 IL App (2d) 240070, ¶ 41; *Casey*, 2024 IL App (3d) 230568, ¶ 13.

¶ 26                                 III. CONCLUSION

¶ 27     For the foregoing reasons, we affirm the trial court's orders imposing and continuing pretrial detention.

¶ 28     Affirmed.