2024 IL App (1st) 240479
Opinion filed May 28, 2024

Third Division

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 24 CR 296 |
| | ) | |
| DEMARLO THOMAS JR., | ) | Honorable |
| | ) | Diana L. Kenworthy, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE LAMPKIN delivered the judgment of the court, with opinion.
Justice R. Van Tine concurred in the judgment and opinion.
Presiding Justice Reyes specially concurred, with opinion.

**OPINION**

¶ 1  Defendant, DeMarlo Thomas Jr., is charged with one count of possession of a stolen motor vehicle (625 ILCS 5/4-103 (West 2022)) and one count of being an armed habitual criminal (AHC) (720 ILCS 5/24-1.7(a) (West 2022)) and now appeals the trial court's order that continued his pretrial detention pursuant to section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2022)). Defendant now contends that the trial court erred by ordering his continued detention.

¶ 2  For the following reasons, we affirm the judgment of the trial court.

¶ 3                                    I. BACKGROUND

¶ 4       Defendant was arrested on December 5, 2023, and charged with possession of a stolen motor vehicle and being an armed habitual criminal. On December 6, 2023, the trial court granted the State's petition for pretrial detention premised upon the armed habitual criminal count. At the time of his arrest, defendant was on parole for a conviction for unlawful use of a weapon (UUW) by a felon. The trial court concluded that no condition or combination of conditions could mitigate the threat posed by defendant. It reasoned that defendant's parole status and the fact that he was employed and supporting his pregnant girlfriend and her daughter were not sufficient to keep him from committing an offense. We affirmed that decision. *People v. Thomas*, 2024 IL App (1st) 232454-U, ¶ 2.

¶ 5       Defendant's parole term ended on February 16, 2024, at which time he petitioned the trial court for his release, invoking section 110-6.1(i-5) of the Code, which requires the trial court to determine if continued detention is necessary at each and every court date. 725 ILCS 5/110-6.1(i-5) (West 2022). The trial court held a hearing the same day and both parties provided a factual proffer.

¶ 6       The State proffered that on December 5, 2023, at approximately 10:00 p.m., officers observed a black male with dreadlocks driving a vehicle in the opposite direction at high speed. The vehicle entered an alley near 78th Street and Avalon Avenue in Chicago, Illinois. The officers turned around and entered the same alley and found the vehicle crashed and unoccupied with the driver's airbag deployed. The officers searched the area and found defendant standing less than a block away wearing all black. After the officers detained him, defendant informed them he had an outstanding warrant for a parole violation, which the officers confirmed.

¶ 7    A custodial search of defendant yielded a black and silver key fob that the officers were able to use to lock and unlock the crashed vehicle. A search of the vehicle yielded a 9-millimeter handgun loaded with live ammunition and a defaced serial number and a .22-caliber handgun with an "auto switch" attached to it, as well as a 40-round drum magazine.

¶ 8    The State further proffered that defendant was on parole for a 2018 conviction for UUW by a felon at the time of his arrest, and that defendant had two prior convictions for UUW by a felon in 2015 and 2012.

¶ 9    Defense counsel proffered that officers found another individual hiding in a nearby backyard who admitted he had run from the crashed vehicle. Officers recovered a bag from the car with documents inside it belonging to someone named Valentino White. Nothing in the car was identified as belonging to defendant. Defendant's underlying felony conviction that gave rise to his first UUW by a felon case was a drug conviction that occurred when he was 17. Defendant was a 29-year-old lifelong resident of Cook County, Illinois, and was living with his family. He was also living part-time with his long-term girlfriend who was experiencing a high-risk pregnancy. Defendant had been serving as a father-figure to his girlfriend's daughter, and his girlfriend relied on his income to support their family.

¶ 10    The trial court made a finding that the proof was evident or the presumption was great that defendant committed a detainable offense. It also found that defendant's behavior constituted a threat to the public and that defendant's repeated convictions for possessing a firearm as a felon showed that pretrial conditions would not deter his conduct. The trial court entered a written order in lockstep with the three elements the State must prove to justify pretrial detention. See 725 ILCS 5/110-6.1(e) (West 2022). Defendant timely filed a notice of appeal.

¶ 11                                    II. ANALYSIS

¶ 12    On appeal, defendant argues that the State failed to meet its burden of proof to justify pretrial detention. Under ordinary circumstances where the State seeks the pretrial detention of a defendant, section 110-6.1(e) of the Code presumes that all defendants are eligible for pretrial release. *Id*. The presumption of release is overcome only if the State can prove by clear and convincing evidence that (1) the proof is evident or the presumption great that the defendant has committed a detainable offense, (2) the defendant poses a real and present threat to the safety of any person or the community based on the specific, articulable facts of the case, and (3) no condition or combination of conditions set forth in section 110-10 of the Code can mitigate that threat. *Id.* §§ 110-6.1(e)(1)-(3), 110-10.

¶ 13    That is the standard the trial court applied to defendant's request to revisit whether his pretrial detention should continue, and that is the standard that defendant now argues on appeal that the State failed to meet. The Code, however, prescribes a different standard once the trial court has held a pretrial detention hearing and ordered the detention of a defendant. At each subsequent court date, the trial court must make a finding that "continued detention is necessary to avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, or to prevent the defendant's willful flight from prosecution." *Id.* § 110-6.1(i-5). Defendant correctly invoked this provision in his petition for release. So the question becomes one of which standard we should apply: the one prescribed by the statute, or the one applied by the trial court? The answer is clearly the former, given that it is the one required by the statute. It makes no difference, however, to the outcome because we would affirm under either

standard, and the finding required by section 110-6.1(i-5) of the Code is effectively subsumed by the elements the State must prove at a detention hearing. Moreover, a reviewing court may affirm on any basis in the record. *People v. Walker*, 2018 IL App (1st) 160509, ¶ 23 (citing *In re Gabriel W.*, 2017 IL App (1st) 172120, ¶ 31).

¶ 14    While the section 110-6.1(i-5) finding shares commonalities with the State's burden at a detention hearing, it is not identical. First, it does not require a showing or finding that proof is evident or the presumption great that defendant committed a detainable offense. 725 ILCS 5/110-6.1(i-5) (West 2022). It would make little sense to require this after the State proved it at the hearing to initially justify defendant's detention. Second, rather than ask whether pretrial conditions can mitigate the threat posed by a defendant, it starts from the premise that detention was necessary to guard against that threat and asks whether anything has changed such that a defendant's detention is no longer warranted. *Id.* Section 110-6.1(i-5) of the Code also does not prescribe a standard of proof or place a burden of proof on any party. *Id.*; see also *People v. Casey*, 2024 IL App (3d) 230568, ¶ 13 ("Although this determination necessarily entails consideration of the threat or flight risk posed by a defendant and the potential mitigation of such threat or flight risk by conditions of release, the Code does not require the court to again make specific findings that the State proved the three propositions by clear and convincing evidence as required at the initial hearing."). The conclusion that follows is that the finding required by section 110-6.1(i-5) is simply a less demanding standard than what is required at a detention hearing, though both are concerned with fundamentally the same question. Thus, when the trial court found that the State presented clear and convincing evidence on all three elements required by section 110-6.1(e), that finding necessarily encompassed the continued detention finding required by section 110-6.1(i-5).

Accordingly, we answer the question of whether, pursuant to section 110-6.1(i-5), defendant's continued detention was necessary.

¶ 15    The next question is what standard of review should be applied. We have previously held that the appropriate standard of review for a pretrial detention order is to consider whether the trial court's findings were against the manifest weight of the evidence. *People v. Pitts*, 2024 IL App (1st) 232336, ¶ 29. But see *People v. Inman*, 2023 IL App (4th) 230864, ¶ 10 (holding that the standard of review should be abuse of discretion); *People v. Whitmore*, 2023 IL App (1st) 231807, ¶ 18 (same); *People v. Saucedo*, 2024 IL App (1st) 232020, ¶¶ 35-36 (holding that first two elements should be reviewed using the manifest weight standard, while the third should be reviewed for an abuse of discretion). But as previously stated, the finding required by section 110-6.1(i-5) of the Code has no specified standard of proof, *e.g.*, "clear and convincing evidence," and places no burden of proof on any party. 725 ILCS 5/110-6.1(i-5) (West 2022). In our previous analysis of why manifest weight of the evidence was more appropriate than abuse of discretion for detention hearings, we observed that a "standard of proof instructs 'the factfinder concerning the degree of confidence our society thinks he should have in the correctness of factual conclusions for a particular type of adjudication.' " (Internal quotation marks omitted.) *Pitts*, 2024 IL App (1st) 232336, ¶ 25 (quoting *In re D.T.*, 212 Ill. 2d 347, 355 (2004)). Conversely, we said that the sound discretion of the trial court is not a standard of proof and says nothing about the degree of confidence the factfinder must have. *Id.* We reasoned that, because there is a burden of proof at a detention hearing, the trial court has no discretion; if the State fails to meet its burden of proof at the detention hearing, the trial court is required to release the defendant. *Id.* ¶ 26; 725 ILCS 5/110-6.1(e) (West 2022).

¶ 16    The same cannot be said for the finding required by section 110-6.1(i-5) of the Code. Given that the legislature prescribed no standard of proof, *i.e.*, no degree of confidence required, and has not placed the burden of proof on any particular party, it stands to reason that the legislature intended this finding to be discretionary. Thus, we will consider whether the trial court's order that defendant remain detained was an abuse of discretion. See *Casey*, 2024 IL App (3d) 230568, ¶ 14 (applying abuse of discretion standard to section 110-6.1(i-5) finding). The trial court abuses its discretion when its decision is arbitrary, fanciful, or unreasonable, or where no reasonable person would agree with the position adopted by the trial court. *Saucedo*, 2024 IL App (1st) 232020, ¶ 36.

¶ 17    Defendant has multiple convictions for UUW by a felon. For more than a decade, defendant's felony convictions have prohibited him from legally possessing firearms. That fact has not deterred him from repeatedly doing so. Defendant was on parole for his last UUW by a felon conviction when he was again arrested and charged with a gun offense—and with stealing a motor vehicle that resulted in a crash. This was done despite his claims that his pregnant girlfriend relied on his income to support their family. The only thing that changed between defendant's initial detention hearing and his petition for release was that he was discharged from his parole term. But as the trial court rightly pointed out, the discharge of his parole did not change the fact that defendant was arrested while under the scrutiny of parole for his previous conviction.

¶ 18    It was not arbitrary or unreasonable for the trial court to conclude that continued detention was necessary when defendant has a lengthy history of disregarding rules and restrictions placed upon him.

¶ 19                               III. CONCLUSION

¶ 20    For the foregoing reasons, we affirm the judgment of the trial court.

¶ 21    Affirmed.

¶ 22    PRESIDING JUSTICE REYES, specially concurring:

¶ 23    I agree with the majority that the trial court in the instant case was not required to conduct an evidentiary hearing under section 110-6.1(e) of the Code, as the issue before it was whether the defendant's continued detention was appropriate, which is governed by section 110-6.1(i-5). I also agree with the majority's position that the fact that the trial court held such a hearing does not necessitate reversal, as the findings required by section 6.1(i-5) are "effectively subsumed by the elements the State must prove at a detention hearing." *Supra* ¶ 13; see also *People v. Mansoori*, 2024 IL App (1st) 232351, ¶ 44 (Reyes, P.J., dissenting) ("By conducting a hearing pursuant to the requirements of section 110-6.1, *** the trial court in the instant case necessarily found that the State had satisfied a more stringent standard of proof than would be otherwise required," making reversal unnecessary). I write separately, however, for two reasons.

¶ 24    First, the majority's opinion repeatedly indicates that section 110-6.1(i-5) does not prescribe a standard of proof or place a burden of proof on any party. *Supra* ¶¶ 14, 15, 16. While this may be true, section 110-2(b), which discusses pretrial release generally, provides that "[a]t all pretrial hearings, the prosecution shall have the burden to prove by clear and convincing evidence that any condition of release is necessary." 725 ILCS 5/110-2(b) (West 2022). The fact that this provision expressly applies to "all pretrial hearings" (*id.*) suggests that the trial court's determination as to the necessity of continued detention under section 110-6.1(i-5) may also be subject to such a standard.

¶ 25    I also observe that the majority's opinion indicates that "[w]e have previously held that the appropriate standard of review for a pretrial detention order is to consider whether the trial court's

findings were against the manifest weight of the evidence." *Supra* ¶ 15. I must emphasize, however, that this standard of review is one subject to considerable debate and differences of opinion, even within this division. See, *e.g.*, *People v. Pitts*, 2024 IL App (1st) 232336, ¶ 29 (manifest weight standard of review); *People v. Wells*, 2024 IL App (1st) 232453, ¶ 16 (abuse of discretion standard of review); *People v. Schulz*, 2024 IL App (1st) 240422, ¶¶ 18-19 (bifurcated standard of review). Nevertheless, in this case, I agree with the majority's determination that the defendant's continued detention should be reviewed under an abuse of discretion standard of review.

---

*People v. Thomas*, 2024 IL App (1st) 240479

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 24-CR-296; the Hon. Diana L. Kenworthy, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Sharone R. Mitchell Jr., Public Defender, of Chicago (Abir Ahmed, Assistant Public Defender, of counsel), for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (David Greenspan, Assistant State's Attorney, of counsel), for the People. |

---