2024 IL App (4th) 240541

NO. 4-24-0541

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 26, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Macoupin County |
| LEE C. WALTON, | ) | No. 23CF275 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Joshua A. Meyer, |
| | ) | Judge Presiding. |

JUSTICE DOHERTY delivered the judgment of the court, with opinion.
Justices Zenoff and Lannerd concurred in the judgment and opinion.

**OPINION**

¶ 1    After his initial pretrial release on conditions was revoked, defendant Lee C. Walton was detained prior to trial pursuant to section 110-6 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6 (West 2022)), as amended by Public Act 101-652 (eff. Jan. 1, 2023), commonly referred to as the Pretrial Fairness Act (Act). Subsequently, the circuit court found that defendant's continued detention was reasonably necessary to ensure his appearance at court hearings and to prevent the commission of a future felony or Class A misdemeanor. 725 ILCS 5/110-6(j) (West 2022). Defendant now appeals, arguing that his continued detention is no longer necessary.

¶ 2    For the following reasons, we affirm.

¶ 3                    I. BACKGROUND

¶ 4        Defendant was charged by information in Macoupin County case No. 23-CF-275 with two counts of aggravated battery of a peace officer (720 ILCS 5/12-3.05(d)(4) (West 2022)) (Class 2 felony); criminal trespass to a residence (*id.* § 19-4(a)(2)) (Class 4 felony); and aggravated assault involving the use of a deadly weapon (*id.* § 12-2(c)(1)) (Class A misdemeanor). The incident occurred on the 900 block of Johnson Street in Carlinville, Illinois. The State initially did not petition the court to detain defendant pending trial pursuant to the Code. See 725 ILCS 5/110-6.1(a) (West 2022). On December 17, 2023, defendant was granted pretrial release on the following conditions relevant here: (1) the mandatory condition that he not violate any criminal statute of any jurisdiction (*id.* § 110-10(a)(4)) and (2) the additional condition that he not enter the 900 block of Johnson Street in Carlinville, Illinois (see *id.* § 110-10(b)(4)).

¶ 5        About two weeks after being granted pretrial release, defendant was charged with six new offenses in Macoupin County case No. 24-CF-2: aggravated battery of a peace officer (720 ILCS 5/12-3.05(d)(4) (West 2022)) (Class 2 felony); criminal trespass to a residence (*id.* § 19-4(a)(2)) (Class 4 felony); two counts of resisting arrest (*id.* § 31-1(a)) (Class A misdemeanor); battery (*id.* § 12-3(a)(2)) (Class A misdemeanor); and criminal trespass to land (*id.* § 21-3(a)(2)) (Class B misdemeanor). The charged events are alleged to have occurred on January 3, 2024, on the 900 block of Johnson Street in Carlinville.

¶ 6        On January 4, the State filed a verified petition to revoke defendant's pretrial release in case No. 23-CF-275 pursuant to section 110-6(a) of the Code (725 ILCS 5/110-6(a) (West 2022)), contending that defendant's conduct on January 3 demonstrated that he had violated the conditions of his release and that detention was necessary to prevent him from being charged with a subsequent felony or Class A misdemeanor. The State also filed a petition for sanctions based on the same conduct. See *id.* § 110-6(e)(1).

¶ 7        The State's petitions were filed on January 4, 2024. According to the State's proffer, on the evening of January 3, 2024, Carlinville Police Department officer Hunter Sutton was dispatched to 911 Johnson Street, Carlinville, for a reported argument. Upon his arrival, Sutton found an "ongoing argument." He attempted to speak with defendant, who ultimately ended up going upstairs, out a window, and onto the roof. Holding a cord, defendant stated that he was going to hang himself. The cord snapped, and defendant fell from the roof.

¶ 8        Defendant then fled the scene and attempted to gain entry to a nearby residence on Johnson Street, a location at which he had previously trespassed. The owner, however, had locked the doors. Defendant then went to the back door of the residence and tried to push his way inside, but he was unsuccessful because the property owner had barred the door. Defendant then fled and gained entry to the residence of James Morgan, also on Johnson Street. Upon arrival, Sutton observed defendant inside Morgan's residence arguing with Morgan. Defendant wrestled with Morgan before he was ultimately placed under arrest by Sutton and another officer. While defendant was in the custody of the Macoupin County Sheriff's Department, he resisted being placed into his cell and spit on a police officer.

¶ 9        In response to the State's petitions, defense counsel argued:

"Your Honor, [defendant] lives in [L]uka, Illinois. He works constructions [*sic*]. He suffers from sleep apnea and high blood pressure. He has two minor children that he helps care for. He also is trying to get into school at Kaskaskia. He is willing to do any pretrial condition in order to be released. He is asking for his release."

¶ 10       Following arguments, the circuit court granted the State's petition to revoke pretrial release, finding "by clear and convincing evidence for the reasons stated on the record that no condition or combination of conditions of release would reasonably" prevent defendant from being

charged with a subsequent felony or Class A misdemeanor. In further elaboration of its ruling, the court stated in its written order that "defendant has multiple felony charges and has not followed his PreTrial Release conditions. He has a significant criminal history and is suffering from mental health issues." The written order also stated the court's conclusion that the conditions specified in paragraphs 2 and 12 of its December 17, 2023, order for pretrial release had been violated. Defendant did not appeal from any of the rulings made on January 4, 2024.

¶ 11 A pretrial status hearing was held on March 18, 2024; pursuant to section 110-6(j) of the Code, the circuit court was obligated at that hearing to determine whether defendant's continued pretrial detention was necessary. *Id.* § 110-6(j). No transcript of that hearing is available, but the parties have filed a stipulation with this court, which provides, in pertinent part, as follows:

> "Defense counsel *** proffered that the Defendant was not a danger to any person or the community, as [he] was having mental health issues during the time of the incidents in question, which have stabilized since that time. Mental health services are not available to the Defendant in the Macoupin County jail. Further, that the Defendant lives in [L]uka, [I]llinois, in Marion County, several counties away. He also suffers from sleep apnea and uses a CPAP machine, which is not currently functioning; he cannot remedy that issue in jail. Counsel further argued that reasonable conditions exist to mitigate any perceived danger the Defendant poses, including but not limited to being required to live at the [L]uka, [I]llinois residence, court-ordered mental health treatment, and being ordered not to have contact with specified persons and/or locations."

The State argued,

"[T]he defendant poses a danger to the community because of his significant criminal history, and the fact that he was previously released on pre-trial release with conditions, and committed another offense while on release. Further, the State argued that no reasonable conditions existed to mitigate the danger, because the Defendant had been released on pre-trial conditions previously, and committed another offense while on pre-trial release. In rebuttal, defense counsel argued that the Defendant had not previously been released on the condition that the defense was proposing at this time, and therefore, he did not have a history of noncompliance with those conditions."

¶ 12 At the conclusion of the March 18 hearing, the court found that continued detention was necessary to reasonably assure defendant's appearance for later hearings and to prevent him from being charged with a subsequent felony or a Class A misdemeanor.

¶ 13 This appeal followed.

¶ 14 II. ANALYSIS

¶ 15 As explained earlier, no appeal was taken from the January 4, 2024, order revoking defendant's pretrial release. Instead, defendant appeals from the circuit court's order of March 18, which found that continued detention was necessary to reasonably ensure defendant's appearance at subsequent hearings or to prevent him from being charged with a subsequent felony or Class A misdemeanor. See 725 ILCS 5/110-6(j) (West 2022). On appeal, defendant argues his continued detention was not necessary when the main issue surrounding his dangerousness—his mental health crisis—had passed and the only way he could obtain necessary services was to be released from jail. Before addressing the particulars of this case, it is useful to understand the nature of the Act's provisions for changes in, or subsequent circuit court review of, orders relating to detention.

¶ 16                        A. Alteration of an Order Regarding Detention or Release

¶ 17        We believe our understanding of the applicable statutory provision may be aided by reviewing the circuit court's inherent authority to amend its orders, as well as the additional provisions for changes in status added by the Act. In particular, we feel it is useful to compare the provision at issue here to similar provisions also contained in the Code concerning the circuit court's obligation to review its prior detention-related decisions on an ongoing basis.

¶ 18        1. *Circuit Court's Inherent Authority to Alter an Interlocutory Order*

¶ 19        An order calling for a party to be detained prior to trial, or released but subject to conditions, is not stand-alone legal determination, nor is it of lasting duration. Its existence is entirely subservient to the litigation of the criminal charges that initiated the case. The detention order seeks to govern the defendant's status only through the ultimate disposition of the case; after a defendant is sentenced, the detention order terminates. See *People v. Maxey*, 2015 IL App (1st) 140036, ¶ 38 (noting that a bail issue was mooted by the defendant's final judgment of conviction). Such nonfinal orders have been expressly referred to as "interlocutory." See Ill. S. Ct. R. 604(h)(1) (eff. Dec. 7, 2023).

¶ 20        "A court in a criminal case has inherent power to reconsider and correct its own rulings, even in the absence of a statute or rule granting it such authority," and the "court's power to reconsider and correct its decisions extends to interlocutory *** judgments." *People v. Mink*, 141 Ill. 2d 163, 171 (1990); see *People v. Harris*, 2024 IL App (2d) 240070, ¶ 27 (stating the same proposition with respect to the Code, as amended by the Act). Consequently, the circuit court here had the authority to revisit and alter its prior detention ruling. The Act, however, has added specific provisions relating to changes to interlocutory orders for detention and release that supplement the court's inherent authority.

¶ 21          2. *Party's Authority to Request a Change in Detention or Conditions*

¶ 22          Not surprisingly, the Code allows the parties in a criminal case to argue, by way of motion, for changes to certain orders pertaining to detention or release. For example, either party may move to change the conditions of pretrial release. 725 ILCS 5/110-6(g) (West 2022) (noting that conditions may not be increased absent a hearing). Where a defendant has been granted pretrial release for a felony or Class A misdemeanor, the State may petition for revocation of release on the basis that a new offense of the same statute has been committed. *Id.* § 110-6(a). Conspicuous by its absence, however, is any provision for a defendant to seek release after being detained. This may be explained by the fact that the Code provides that, even without a motion by the defendant seeking release, it is *always* the circuit court's obligation to continue to review the necessity of continued detention. There are, in fact, three such provisions concerning review of detention or conditions at every subsequent court appearance. We now examine each of them to aid in our understanding of the provision applicable to this case.

¶ 23          3. *The Code's Requirements for Ongoing Review of Detention Status*

¶ 24          There are three similar provisions in the Code with respect to the circuit court's obligation to review detention or release status. For all three, the obligation to revisit the defendant's status arises at every subsequent court appearance.

¶ 25          The first provision requires that, when the circuit court releases a defendant on conditions, it is required to review the continued necessity of those conditions:

> "At each subsequent appearance of the defendant before the court, the judge must find that the current conditions imposed are necessary to reasonably ensure the appearance of the defendant as required, the safety of any other person, and the compliance of the defendant with all the conditions of pretrial release. The court is

not required to be presented with new information or a change in circumstance to remove pretrial conditions." *Id.* § 110-5(f-5).

Of note is the last sentence concerning changes in circumstance. See *People v. Watkins-Romaine*, 2024 IL App (1st) 232479, ¶ 44 (noting that no change in circumstances need be shown under section 110-5(f-5)). As we will see, this express statement—that no "new information or a change in circumstance" must be shown to seek the removal of conditions—is not mirrored in the other two statutory sections concerning ongoing review of detention.

¶ 26   The second provision relates to review of detention status when a defendant is initially released but later detained after that release has been revoked:

> "At each subsequent appearance of the defendant before the court, the judge must find that continued detention under this Section is necessary to reasonably ensure the appearance of the defendant for later hearings or to prevent the defendant from being charged with a subsequent felony or Class A misdemeanor." 725 ILCS 5/110-6(j) (West 2022).

Here, defendant was initially released on conditions and then detained following revocation of his release. Consequently, the circuit court's subsequent review responsibilities in this case are dictated by section 110-6(j).

¶ 27   Finally, the third provision requires a similar review of the continued necessity of detention of defendants who were detained at the initial detention hearing:

> "At each subsequent appearance of the defendant before the court, the judge must find that continued detention is necessary to avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable

facts of the case, or to prevent the defendant's willful flight from prosecution."

*Id.* § 110-6.1(i-5).

In other words, where a defendant is initially detained, the circuit court's obligation to review the necessity of detention at future court dates is dictated by section 110-6.1(i-5). See *id.*; *People v. Hongo*, 2024 IL App (1st) 232482, ¶ 27. Here, defendant was not initially detained; he was released with conditions and later detained following revocation of his release. Consequently, section 110-6.1(i-5) does not apply to him.

¶ 28 A statute should be evaluated as a whole, and each provision must be construed in connection with every other relevant section. *Village of Kirkland v. Kirkland Properties Holdings Co.*, 2023 IL 128612, ¶ 50. Comparing and contrasting these three similar provisions gives some insight into the meaning of each. Pertinent here is the fact that, as previously noted, only section 110-5(f-5) provides that the "court is not required to be presented with new information or a change in circumstance to remove pretrial conditions." 725 ILCS 5/110-5(f-5) (West 2022). " 'When the legislature includes particular language in one section of a statute but omits it in another section of the same statute, courts presume that the legislature acted intentionally and purposely in the inclusion or exclusion [citations], and that the legislature intended different meanings and results.' " *People v. Clark*, 2019 IL 122891, ¶ 23 (quoting *Chicago Teachers Union, Local No. 1 v. Board of Education of Chicago*, 2012 IL 112566, ¶ 24). Because only section 110-5(f-5) specifically excludes the requirement to show "new information or a change in circumstance" (725 ILCS 5/110-5(f-5) (West 2022)), we conclude that such a showing is required for relief under section 110-6(j) or section 110-6.1(i-5).

¶ 29 This is not a surprising conclusion. If a court has found that a defendant qualifies for detention and no new information or change in circumstances is presented, it makes little sense

to think that court would reverse its prior ruling for no particular reason. The situation is different when dealing with the conditions imposed on a released defendant, as conditions may be shown to be lacking in one respect or another; they may be too stringent, too loose, or perhaps unnecessary. The Code, as amended by the Act, simply recognizes that a court must continue to manage conditions of pretrial release in the pretrial period regardless of any change in circumstances. A decision to detain, however, requires no ongoing management by the court, and there will likely be no reason to revisit it unless circumstances have changed or new information has come to light.

¶ 30                                    B. Analysis of This Case

¶ 31        As noted above, a circuit court always possesses the inherent authority to change its interlocutory rulings. However, we proceed with the understanding that a circuit court's review of the need for a defendant's continued detention under section 110-6(j) would require the defendant to demonstrate some "new information or a change in circumstance" in order to demonstrate a *right* to a change in detention status. See *id.* § 110-6(j).

¶ 32                                    1. *Standard of Review*

¶ 33        We review a circuit court's detention order under an abuse of discretion standard. *People v. Morgan*, 2024 IL App (4th) 240103, ¶ 35. " 'An abuse of discretion occurs when the circuit court's decision is "arbitrary, fanciful or unreasonable," or where "no reasonable person would agree with the position adopted by the [trial] court." ' " *People v. Inman*, 2023 IL App (4th) 230864, ¶ 10 (quoting *People v. Simmons*, 2019 IL App (1st) 191253, ¶ 9, quoting *People v. Becker*, 239 Ill. 2d 215, 234 (2010)). This discretionary standard applies to all aspects of detention, whether resulting from an initial petition to deny pretrial release or a petition to revoke pretrial

- 10 -

release. See *People v. McCaleb*, 2024 IL App (1st) 240514-U, ¶ 20; *People v. Thomas*, 2024 IL App (1st) 240479, ¶ 16; *People v. Long*, 2023 IL App (5th) 230881, ¶ 16.

¶ 34                    2. *Circuit Court's Continued Detention Order*

¶ 35        The appeal in this case is not from the circuit court's January 4, 2024, revocation order but from its March 18 order finding the necessity for continued detention under section 110-6(j). As explained above, the Code required defendant to present new information or a change in circumstances to demonstrate a right to a change in his detention status. Here, defendant argued some of the same reasons for release offered at the original detention hearing: that he lived well outside Macoupin County in Luka, Illinois; that he suffered from sleep apnea; and that he would comply with conditions if were to be given his pretrial release. However, he also offered up some new information: that the mental health crisis that led to his detention had stabilized, that mental health services for his continued recovery were not available in the jail, and that the CPAP machine used to address his sleep apnea was not functioning and could not be fixed while he was in jail.

¶ 36        Because defendant presented the court with new information and/or a change in circumstances, we must review for an abuse of discretion the circuit court's decision that defendant's continued detention was necessary to reasonably ensure his appearance at later hearings or to prevent him from being charged with a subsequent felony or Class A misdemeanor. See 725 ILCS 5/110-6(j) (West 2022). It has been held that section 110-6.1(i-5)'s parallel provision for review does not require a new evidentiary hearing, nor does it "prescribe a standard of proof or place a burden of proof on any party." *Thomas*, 2024 IL App (1st) 240479, ¶¶ 14-15. Section 110-6.1(i-5) has also been interpreted to mean that the "continued detention" decision is the same as the initial detention decision but under a "less demanding standard." 725 ILCS 5/110-6.1(i-5) (West 2022). We believe that the same observations are true with respect to section

110-6(j), the provision at issue here. The only difference between the two provisions is the type of misconduct to be guarded against by the imposition of conditions (*i.e.*, a threat to safety under section 110-6.1(i-5), versus commission of a felony or Class A misdemeanor under section 110-6(j)).

¶ 37 We note, however, that review of the necessity for continued detention under section 110-6(j) cannot, as a practical matter, be undertaken without reference to the reasons for the original detention decision. Consequently, while section 110-6(j) does not provide for the circuit court to simply scrutinize the merits of the earlier detention, it does permit the court to determine whether that decision, viewed against a change in circumstances or new information, remains appropriate in the particular case in question. It has been suggested that, on appeal from an order finding a need for continued detention, the reviewing court lacks jurisdiction to review the original detention decision. *Hongo*, 2024 IL App (1st) 232482, ¶¶ 29-30. However, the original detention order is always the context against which a subsequent review must be measured. It is the baseline from which to assess the significance of any alleged change in circumstances or new information.

¶ 38 In this case, defendant was granted pretrial release on December 17, 2023, subject to the following conditions relevant here: (1) that he not enter the 900 block of Johnson Street in Carlinville, Illinois, and (2) that he not violate any criminal statute of any jurisdiction. The record is clear that defendant conspicuously violated two core conditions of his earlier release. This episode was more than a minor misstep, and it looms large in determining whether releasing defendant on conditions again would adequately prevent him from reoffending. Defendant's extensive criminal history also remains a factor that the circuit court rightly considered and accounted for.

¶ 39    As for defendant's argument that his mental health crisis has "stabilized" since the time of the January 3 incident, the record gives little detail in support of this contention. Furthermore, while it is undoubtedly true that defendant's mental health needs could be better addressed were he out of custody, that fact does not obviate the concern that his release on conditions has once proven to be ineffective in guarding against reoffending. It is also unclear why, if defendant was permitted to bring a CPAP machine into the jail, it was necessary that he (rather than a friend or family member) must personally attend to its repair or replacement. The "new information" or changes in circumstance argued by defendant provide a weak basis to depart from the original detention decision.

¶ 40    Consequently, we conclude that the circuit court did not abuse its discretion in finding that defendant's continued detention was necessary.

¶ 41                    III. CONCLUSION

¶ 42    For the reasons stated, we affirm the circuit court's judgment.

¶ 43    Affirmed.

## *People v. Walton*, 2024 IL App (4th) 240541

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Macoupin County, No. 23-CF-275; the Hon. Joshua A. Meyer, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Carolyn R. Klarquist, and Manuela Hernandez, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People. |