2025 IL App (1st) 242177-U

No. 1-24-2177B

Order filed February 7, 2025

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 21 CR 12680 |
| | ) | |
| THOMAS GUTIERREZ | ) | The Honorable |
| | ) | John T. Gallagher, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE HYMAN delivered the judgment of the court.
Justices C.A. Walker and Gamrath concurred in the judgment.

## ORDER

¶ 1    *Held*: Affirmed. Trial court did not abuse its discretion by denying defendant's motion for relief because that motion presented no new information.

¶ 2    A trial court will not reverse its ruling without cause. Thomas Gutierrez asked the court to reverse its detention order under what is popularly known as the Safety, Accountability, Fairness, and Equity-Today (SAFE-T) Act or the Pretrial Fairness Act (the Act). Gutierrez presented no new information; indeed, nothing had changed. The trial court properly denied Gutierrez's contentions, so we affirm.

¶ 3                                    Background

¶ 4      The trial court had ordered Gutierrez detained twice: once before (725 ILCS 5/110-6.1(b) (West 2020)) and once after (725 ILCS 5/110-6.1(e) (West 2024) the Act "dismantled and rebuilt" Illinois's law on pretrial release. See *Rowe v. Raoul*, 2023 IL 129248, ¶ 4. Gutierrez attacked the most recent detention order, rearguing that the State had failed to carry its burden of proof under the new law. The trial court disagreed for the "same reasons" it gave at the detention hearing.

¶ 5                                *Detention Hearing*

¶ 6      Gutierrez stood accused of attempt first-degree murder (720 ILCS 5/8-4(a) (720-5\9-l (b)(1)) (West 2020)) and other offenses for allegedly restraining his kids and twice shooting a firearm near his wife and responding police officers. He petitioned for pretrial release under the new law, and the State petitioned to detain him. 725 ILCS 5/110-7.5(b) (West 2024).

¶ 7      The State proffered that on arriving at a house to investigate a domestic battery, police officers saw Gutierrez's wife open the front door and, through tears, tell them that Gutierrez was loading his guns. Gutierrez had been drinking and had threatened to kill her and himself. A home security camera recorded her leaving the house as Gutierrez fired two shots that landed within six feet of an officer. Gutierrez said something like, "If you kill me, you shooting through these babies." He was holding a child. Gutierrez called 911 and threatened to kill the officers. Eventually, he surrendered. Officers recovered 30 firearms and an arsenal of live rounds.

¶ 8      Gutierrez argued the evidence would "ultimately" show he had "no intent to harm anyone" and asked for any condition short of pretrial detention. He offered letters supporting his good character—from family, colleagues, a prospective employer—and certificates earned while in pretrial custody. He noted he had no prior convictions.

¶ 9   The trial court denied Gutierrez's motion and granted the State's motion. The State carried its burden to show: (i) Gutierrez had committed a detainable offense, attempt first-degree murder; (ii) Gutierrez presented a real and present threat to his children, his wife, and the police officers; and (iii) no condition short of detention would suffice because Gutierrez had "shown his willingness" to escalate violence by shooting at the responding officers.

¶ 10   Gutierrez did not appeal the order.

¶ 11                     *Review of Detention Order*

¶ 12   About six months later, Gutierrez filed a "Motion for Relief under the Pretrial Fairness Act," contending the State had failed to carry its burden to prove the first and third elements at the detention hearing. He argued the State presented no evidence that he had been aware officers were present when he twice fired toward them. Gutierrez also argued the absence of evidence he committed any criminal act that day and the absence of prior convictions meant he should not be in pretrial detention. He presented no new information; he cited the transcript of the detention hearing.

¶ 13   The trial court denied the motion "for the same reasons" given at the detention hearing. Gutierrez filed this appeal.

¶ 14                             Analysis

¶ 15   Gutierrez attacks the detention order anew, contending the State failed to carry its burden to prove the first and third elements under section 110-6.1. See 725 ILCS 5/110-6.1(e) (West 2024) (defining three elements State must prove to detain those like Gutierrez). But nearly six months after the detention hearing, the only issue before the trial court was whether Gutierrez's continued

detention was necessary. *Id.* § 110-6.1(i-5) (defining proceedings after detention hearing). Because Gutierrez presented no new information, the trial court had no reason to reverse its decision.

¶ 16    Section 110-6.1(i-5) vests in the trial court the power to release from custody those facing trial. *Id.* § 5/110-6.1(i-5); see *People v. Thomas*, 2024 IL App (1st) 240479, ¶ 16 (finding absence of evidentiary burden under section 110-6.1(i-5) demonstrated legislative intent to give trial court discretion on continued detention). The Code asks whether anything has changed and detention is no longer needed. That is, the Code presumes detention is necessary, as the trial court had already determined. *Thomas*, 2024 IL App (1st) 240479, ¶ 14.

¶ 17    And here, the trial court had found that the State carried its burden under the first element by proffering how Gutierrez allegedly restrained his kids and twice shot near his wife and officers. Likewise, for the third element, the trial court had found that Gutierrez had "shown his willingness" to escalate violence and thus submit to pretrial detention. After the Act went into effect, the trial court had again ordered Gutierrez detained. See, *e.g.*, *People v. Carpenter*, 2024 IL App (1st) 240037, ¶¶ 8, 23 (affirming where defendant ordered detained before and after Act went into effect).

¶ 18    So, when Gutierrez filed his "motion for relief," only his continued detention was at issue. In general, "[a]t each subsequent appearance * * *, the [trial court] must find that continued detention is necessary to avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, or to prevent the defendant's willful flight from prosecution." 725 ILCS 5/110-6.1(i-5) (West 2024). We review the trial court's ruling for an abuse of discretion. *Thomas*, 2024 IL App (1st) 240479, ¶ 14.

¶ 19     Gutierrez offered no new information in support of his request for release. See *People v. Walton*, 2024 IL App (4th) 240541, ¶ 28 (holding new information required for release under section 110-6.1(i-5)). "If a court has found that a defendant qualifies for detention and no new information or change in circumstances is presented, it makes little sense to think that court would reverse its prior ruling for no particular reason." *Walton*, 2024 IL App (4th) 240541, ¶ 29. Accordingly, the trial court did not abuse its discretion when denying Gutierrez's request to reverse its ruling for no reason. See generally *People v. Williams*, 188 Ill. 2d 365, 369 (1999) (trial court must exercise discretion within bounds of law).

¶ 20     Affirmed.