NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 250322-U

NO. 4-25-0322

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 8, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| KHALID MOHAMED FARAH, | ) | No. 25CF23 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | J. Jason Chambers, |
| | ) | Judge Presiding. |

JUSTICE DOHERTY delivered the judgment of the court.
Justices Knecht and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court erred in denying defendant pretrial release.

¶ 2    The State charged defendant Khalid Mohamed Farah with four felony offenses and filed a petition seeking his detention. The circuit court initially denied the State's petition, instead granting his release with conditions. The State then filed a motion for relief pursuant to Illinois Supreme Court Rule 604(h) (eff. Apr. 15, 2024). Following a hearing, the court reversed its initial detention determination and ordered defendant detained pretrial. Defendant's motion to reconsider was denied.

¶ 3    Defendant appeals, arguing that the circuit court's decision to revoke his pretrial detention was against the manifest weight of the evidence and that the State had no statutory authority to seek his detention anew in a motion for relief pursuant to Rule 604(h). For the reasons that follow, we reverse and remand with directions for the circuit court to conduct a hearing on

conditions of pretrial release.

¶ 4                                     I. BACKGROUND

¶ 5          Following a police "sting" operation, defendant was apprehended and charged with grooming (720 ILCS 5/11-25(a) (West 2024)), indecent solicitation of a child (*id.* § 11-6(a), 11-6(a-5)), solicitation to meet a child (*id.* § 11-6.6(a)), and traveling to meet a child (*id.* § 11-26(a)). The State filed a petition to detain defendant pretrial, asserting that he posed a real and present threat to the community that conditions of release could not mitigate. A pretrial investigation report revealed that defendant was 21 years old at the time of the offense, a full-time student at Illinois State University, employed part-time at a restaurant, and had no prior criminal history. Defendant scored 1 out of 14 on his risk assessment, with the sole point due to his lack of full-time employment.

¶ 6          The circuit court held a detention hearing, at which the State proffered that the evidence would show that the Illinois State Police (ISP) placed an advertisement for sexual services on a website for female escorts. The advertisement included photographs of a female with a listed age of 19, along with a phone number to arrange for services. The advertisement also stated that the female was "a little younger" than 19. Defendant initiated contact with the undercover ISP agent via text message, requesting a half hour using shorthand "HH." The agent responded that the rate for a half hour was $150 and that defendant had to wear a condom because she was only 16 years old. Defendant arrived at the hotel where he met the undercover agent, who once again told him that she was 16 years old. He gave the agent the agreed-upon $150 and was taken into custody.

¶ 7          At the detention hearing, the State introduced the text message thread between defendant and the undercover agent. The State then called the field supervisor for pretrial services

in McLean County to the stand. We must note that the transcript for this portion of questioning contains numerous portions in which the prosecutor is inaudible, though the responses to his questions are not. Defendant acknowledges in his brief that the general area of questioning and responses are sufficient to place the answers in context, and we agree. The supervisor testified that while defendant could be placed on electronic location monitoring, there was no way to monitor activity on his cell phone and that pretrial services did not perform home visits.

¶ 8        Defense counsel highlighted the findings of the pretrial investigation report. In noting defendant scored 1 out of 14 on the pretrial risk assessment, counsel noted that was because he was only employed part-time but that he was a full-time student pursuing a double major. Classes would start again at the university the following week, and defendant was scheduled to work that evening. Counsel also explained that "a lot of the information" in the report was not verified because of the "embarrassment and shame" defendant felt and his unwillingness to notify his parents or his employer of the pending charges. Defendant had no criminal history and no other reported history of mental health, medical, or drug abuse issues.

¶ 9        Relevant here, the State argued that no conditions of pretrial release could mitigate the threat of defendant seeking out and communicating with 16-year-old females who wanted to exchange money for sexual favors, and given the testimony of pretrial services, there was not a functional condition of release that could be enforced; therefore, the only way to protect the community was to place defendant in a setting with no Internet access. Defendant argued that based on the pretrial investigation report, the State could not meet its burden to show that there were no conditions of release that could mitigate any threat he posed. He was willing to comply with any conditions imposed.

¶ 10        The circuit court found by clear and convincing evidence that the proof was evident

and the presumption great that defendant committed the charged offenses that were detainable. Nonetheless, the court found that the State failed to establish that defendant posed a threat to the community and that no condition of release could mitigate the threat posed by defendant. The court opined that although defendant tallied a risk assessment score of 1 out of 14, he effectively scored a 0 and "there's nothing in [defendant's] background that shows that he would be a danger in general to the public at large." Further, the court felt that conditions of release were meant to mitigate threats, not to eliminate them, as there was always a risk when an individual is released, but the statutory presumption is in favor of release. The court felt that pretrial services' inability to monitor certain aspects of defendant's conduct should not in and of itself be a basis for detention. The court ordered defendant's release but imposed mandatory conditions, including the highest level of reporting to pretrial services and abstaining from contact with individuals under the age of 18. Defendant eventually moved from McLean County back to his parent's home and filed notice of the move with the court.

¶ 11　　　　The State subsequently filed a motion for relief pursuant to Illinois Supreme Court Rule 604(h) (eff. Apr. 15, 2024). Aware that defendant had no criminal history, the State argued that the absence of a criminal record made defendant, an "accused child predator," even *more* dangerous. The State argued that there was no mechanism that could ensure defendant did not engage in similar misconduct while he was on pretrial release.

¶ 12　　　　The matter proceeded to a hearing before a different judge, and the State rested on its motion without proffering or presenting any new evidence. Defendant called a pretrial services field worker to the stand, where he gave testimony that was similar in nature to that previously heard. Defendant's father also testified that defendant had only left the house three times since he had moved back home, and there was always somebody home with him.

¶ 13　　　　The circuit court granted the State's motion. Despite having a transcript of the earlier proceeding in which the predecessor judge stated, "there's nothing in this young man's background that shows that he would be a danger in general the public at large," the court said it did not think that the prior judge had made such a finding. However, based on the facts before it, the court made its own finding that defendant did pose a threat to the community. Further, the court felt that there were limitations to the conditions of pretrial release that could be imposed for the protection of the community.

¶ 14　　　　Defendant then filed a motion to reconsider pretrial detention, arguing that the State failed to carry its burden in proving defendant was dangerous and that there were no conditions of pretrial release that could mitigate the threat he posed to the community. Defendant relied on this court's previous decisions in *People v. Atterberry*, 2023 IL App (4th) 231028, and *People v. Smith*, 2025 IL App (4th) 241441-U. Defendant did not argue that the State could not utilize a motion for relief to seek reversal of the earlier order granting his release.

¶ 15　　　　The circuit court denied the motion, again noting the limitations of pretrial services in monitoring defendant and stating that the circumstances of the case warranted detention.

¶ 16　　　　This appeal followed.

¶ 17　　　　　　　　　　　　　　II. ANALYSIS

¶ 18　　　　On appeal, defendant argues that the circuit court erred in (1) finding he posed a threat to the community, (2) finding no conditions of pretrial release could mitigate the threat he posed, and (3) detaining him pursuant to the State's motion for relief where such an action is contrary to the statutory requirements stating that an individual granted pretrial release can only be detained via a new petition under section 110-6.1(c)(2) the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1(c)(2) (West 2024)) or through a petition to revoke pretrial release

under section 110-6(a) (*id.* § 110-6(a)). The State argues that defendant's third argument is waived because he failed to raise it in his motion to reconsider and that the court below made all the required findings to affirm the judgment on appeal.

¶ 19                              A. Nature of a Rule 604(h) Motion for Relief

¶ 20           We begin by noting our understanding of a Rule 604(h) motion for relief.

¶ 21           Well before the adoption of Rule 604(h)'s provisions concerning a motion for relief, it was well established that "[a] court in a criminal case has inherent power to reconsider and correct its own rulings, even in the absence of a statute or rule granting it such authority." *People v. Mink*, 141 Ill. 2d 163, 171 (1990); see also *People v. Walton*, 2024 IL App (4th) 240541, ¶ 20 (applying the same principle in the context of pretrial detention decisions). This inherent authority extends to reconsideration—even *sua sponte* reconsideration—of interlocutory rulings made by a predecessor judge. *People v. Brown*, 2018 IL App (4th) 160288, ¶ 38. Caution, however, should be exercised to guard against bad faith or judge shopping. *Rowe v. State Bank of Lombard*, 125 Ill. 2d 203, 214 (1988).

¶ 22           The motion required by Illinois Supreme Court Rule 604(h)(2) (eff. Apr. 15, 2024) is not called a motion for "reconsideration," but a motion for "relief." Clearly, one intended function of the motion is issue preservation, as the rule specifically provides that "any issue not raised in the motion for relief *** shall be deemed waived" on appeal. *Id.* Still, the motion for relief is directed, in the first instance, to the circuit court, and it is the circuit court that is initially asked to grant the relief specified in the motion. It was envisioned that an advantage flowing from the requirement of a motion for relief would be "that simple, correctable errors could be quickly addressed in the trial court rather than through the much more time-consuming appellate process." Ill. S. Ct. Pretrial Release Appeals Task Force, Report and Recommendations 5 (2024),

https://ilcourtsaudio.blob.core.windows.net/antilles-resources/resources/628434e3-d07f-4ead-b1f6-4470d7e83bf3/Pretrial% 20Release% 20Appeals% 20Task% 20Force% 20Report_March% 202024.pdf [https://perma.cc/LL5Y-R4FN].

¶ 23         Nothing in the Task Force Report or the text of Rule 604(h) indicates that a motion for relief is intended to provide a new *substantive* avenue for relief. Instead, it is a procedural *vehicle* through which a party both (1) asks for relief from the circuit court and (2) preserves the issues that may then properly be raised on appeal. In other words, if there are other substantive limitations on a circuit court's ability to revisit an interlocutory order under particular circumstances, the motion for relief—though required for purposes of issue preservation—does not override any such substantive law. By way of comparison, Illinois Supreme Court Rule 604(d) (eff. Apr. 15, 2024) provides that a motion to withdraw a guilty plea "shall state the grounds therefor" and that "any issue not raised by the defendant in the motion *** shall be deemed waived." However, Rule 604(d) says nothing about when the grounds stated in the motion will warrant relief under the substantive law governing guilty pleas; the rule merely prescribes the process by which those grounds may be considered by the circuit court and the reviewing court. Similarly, a defendant's motion for a new trial must be filed within 30 days of the verdict (725 ILCS 5/116-1(b) (West 2024)), meaning that the circuit court's ability to revisit the verdict may be similarly limited.

¶ 24         Consequently, for issue preservation purposes, we must ascertain which issues were adequately presented to the circuit court in the motion for relief. To the extent the circuit court *grants* the relief requested in the motion, however, the motion does not exempt the moving party from the substantive law that might apply to the relief requested.

¶ 25                    B. Defendant's Compliance with Rule 604(h)

¶ 26        This case presents a potentially confusing circumstance: the State's petition to detain defendant was initially denied, and the State then followed that denial with a motion for relief. Though perhaps the State's intention was to pave the way for an appeal, the circuit court granted the motion and rendered an appeal unnecessary. Defendant then sought reconsideration of that ruling, but he did *not* file his own motion for relief as a prerequisite to his appeal. Of course, filing a motion for relief is a clear requirement of Rule 604(h), which specifies that "[a]s a prerequisite to appeal, *the party taking the appeal* shall first present to the trial court a written motion requesting the same relief to be sought on appeal and the grounds for such relief." (Emphasis added.) Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024).

¶ 27        Here, defendant did *not* file a motion explicitly labeled a "motion for relief." He did, however, file a "motion for reconsideration," and he implicitly proceeds as if this satisfies the requirement of a motion for relief. The State has not argued that the "motion for reconsideration" fails to meet the general requirements of a motion for relief and even refers to the pleading as a Rule 604(h) motion. Consequently, we will treat the motion to reconsider as a motion for relief insofar as compliance with Rule 604(h)(2) is concerned. See *People v. Sophanavong*, 2020 IL 124337, ¶ 21 ("[T]he doctrine of forfeiture applies to the State as well as to defendant.").

¶ 28        The State argues that one issue defendant seeks to raise on appeal was not preserved, as required by Rule 604(h)(2). Specifically, defendant argues that the circuit court was without authority to grant the State's motion for relief because the State was required to file either a new petition to deny him pretrial release (725 ILCS 5/110-6.1(c)(2) (West 2024)) or a petition to revoke his pretrial release (*id.* § 110-6(a)). In other words, as discussed above, defendant argues that there are statutory provisions that confine the circuit court's ability to revisit its earlier order of release.

¶ 29    Defendant concedes that this issue was not raised in his motion for reconsideration (*i.e.*, his functional motion for relief), but he argues that we should undertake plain error review to reach it. However, this court has already made clear that the provision for waiver in Rule 604(h)(2) must be given its intended effect, meaning that plain error review will not salvage an unpreserved argument. *People v. Nettles*, 2024 IL App (4th) 240962, ¶¶ 30-34. Here, because the argument defendant wishes to raise was never presented to the circuit court, it is not properly preserved for our review and will not be addressed.

¶ 30                    C. The Circuit Court's Detention Decision

¶ 31    The Code abolishes traditional monetary bail and provides defendants with a presumption in favor of pretrial release. 725 ILCS 5/110-1.5, 110-2(a) (West 2024). In order for the State to prevail on a petition to keep a defendant detained prior to trial, it has the burden of proving by clear and convincing evidence that (1) "proof is evident or the presumption great" that the defendant committed a detainable offense, (2) depending on the offense, the defendant "poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case," and (3) no condition or combination thereof can mitigate the threat the defendant poses. *Id.* § 110-6.1(e)(1)-(3).

¶ 32    Defendant contends that the circuit court erred in finding that the State had met its burden of establishing that he posed a real and present threat and that no conditions of release could mitigate that threat. The circuit court's detention ruling was made at the hearing on the State's motion for relief, but that hearing does not stand alone; inherently, and here explicitly, a ruling on a motion for relief is made in consideration of not just the evidence received at that hearing, but the evidence received at any detention hearings which preceded it. Because the court below received live testimony at two of the three hearings conducted below, the applicable

standard of review requires us to determine whether the circuit court's detention decision is against the manifest weight of the evidence. *People v. Morgan*, 2025 IL 130626, ¶ 54. "A factual finding is against the manifest weight of the evidence where the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." (Internal quotation marks omitted.) *Id.* ¶ 21.

¶ 33 Though the Code lists the "threat" posed by the defendant and the sufficiency of conditions of release as separate matters, they are not unrelated. 725 ILCS 5/110-6.1(e)(2), (3) (West 2024). The statute explicitly provides that the sufficiency of conditions is assessed according to whether the conditions "can mitigate *** the real and present *threat*" posed by the defendant. (Emphasis added.) *Id.* § 110-6.1(e)(3). In other words, the sufficiency of conditions is not assessed in a vacuum, but by reference to the threat the conditions are expected to mitigate. This is why we have observed that "dangerousness and conditions of release are two sides of the same coin." *People v. Romine*, 2024 IL App (4th) 240321, ¶ 16.

¶ 34 Here, the circuit court found "by clear and convincing evidence the State has proven that the Defendant poses a real and present threat to the community." The court mentioned the various parts of the record it was considering, but it pointed to no specific aspect of the record in support of its finding. The court also recited that it was "considering the specific articulable facts of this case as [they] relate to this Defendant and this case," but again, it did not say which of those facts supported its finding.

¶ 35 The circuit court went on to address the issue of whether any conditions could mitigate the threat posed by defendant:

> "[I]t's very clear that the State is not supposed to rely on and the Court *** is not
> supposed to be making a finding on detention or conditions just based on the

offense alone—on the charges alone.

But I think the facts surrounding the charge are different than saying the charges alone because the charges alone would just [be] looking at the charges and saying all right, what were you charged with and then making a detention ruling for a conditions of pre-trial release just based on the charges, but I think that the allegations that have led to those charges are different from that.

\* \* \*

I do have concerns with those limitations on this in regards to this specific case and the allegations and the nature of how the allegations came about as to whether or not there could still be significant situations where the community cannot be meaningfully protected by the available conditions of the pre-trial release"

¶ 36    The circuit court offered additional insight when it subsequently denied defendant's motion asking for reconsideration of the detention order:

"As I said, I was considering the specific articulable facts of this case. I agree that it is not a circumstance to where just the elements of the offense, the nature of the charge shouldn't—is not enough to say, okay, someone always gets detained for this, or someone always gets released for this. But I am supposed to consider the specific articulable facts of this case. And the specific articulable facts of this case are not just what was charged. For example, defendant's not charged with anything in regards to, like, the offer for cannabis. That's just one example. But the facts include allegations that defendant was offering a joint, which could certainly be implied to cannabis, to who he thought—or may have thought was a

- 11 -

16-year-old."

¶ 37      We note that the statute explicitly requires that a judge entering a detention order must make specific findings "summarizing the court's reasons for concluding that the defendant should be denied pretrial release, including why any less restrictive conditions would not avoid a real and present threat *** based on the specific articulable facts of the case." 725 ILCS 5/110-6.1(h)(1) (West 2024). Although the circuit court seemed to understand the need to articulate case-specific reasons for its decision, it did little to share the details of its reasoning. Simply parroting the statutory requirement that specific findings must be made does not constitute the making of specific findings. See *People v. Martin*, 2023 IL App (4th) 230826, ¶ 25 ("Our *** obligation to afford meaningful review under the Code *** relies on the [circuit] court conducting a full and fair evaluation of the evidence and showing its work.").

¶ 38      Regardless of the circuit court's reasons, we conclude that the record does not support its ultimate findings that defendant posed a threat to the community or that there were inadequate conditions to mitigate any such threat. The court must consider the specific facts of the case, including defendant's background and characteristics, in deciding whether any conditions or combination of conditions can mitigate the threat posed. *Atterberry*, 2023 IL App (4th) 231028, ¶ 18. A relevant consideration in determining if conditions are viable "is whether there is reason to believe the defendant is likely to violate the conditions the court might impose." *Id.* Simply because a person is charged with a detainable offense or poses a threat to public safety is insufficient, standing alone, to order detention. *Id.*

¶ 39      Defendant was 21 years old and a full-time student, with no prior criminal history. Defendant's risk assessment score is not conclusive, but it is certainly relevant. Defendant's score was almost at the bottom of the scale at 1 out of 14, and the initial judge recognized that it was

effectively a 0 score (given that defendant received one point only because he, a full-time student, did not also have a full-time job). Defendant's father testified that defendant was never home alone and had to be forced out of the home to engage in societal interaction with peers following his initial release.

¶ 40    Despite the lack of criminal history or any basis to conclude that defendant would not comply with conditions of release, the State repeatedly asserted, without support, that defendant would reoffend and even speculated that he may have committed the same offense numerous times prior to his arrest on these charges. The State also relied on testimony from pretrial officers about the limitations of location monitoring and their inability to monitor a defendant's Internet and cell phone usage or what persons might visit him at his home.

¶ 41    The State attempts to argue that defendant cannot be trusted to comply with conditions because when he moved back to his parent's home, he was residing with his 15-year-old brother, which technically violated the previous condition that he not have contact with persons younger than 18. The circuit court addressed this concern, noting that if it were brought to his attention, he would have amended the prior conditions of release to exclude family members. While the court was concerned that pretrial services was unaware of the younger brother under 18 residing with defendant that appeared to violate the order, the court was understandably not concerned that it had happened.

¶ 42    Given the facts of this case, the circuit court's findings that defendant posed a threat and that there were no conditions of pretrial release that could mitigate it were against the manifest weight of the evidence. Defendant is charged with serious offenses, but the Code makes clear that persons charged with those serious offenses are *presumed* to be eligible for pretrial release. 725 ILCS 5/110-2(a) (West 2024). The question presented is why *this defendant*, on the facts of *this*

*case*, has been shown by clear and convincing evidence to fall outside of the normal presumption. Here, virtually all of the reasons for detention articulated by the circuit court and advanced by the State would apply to *any* defendant charged with these offenses; this would turn the statutory presumption on its head. See *Smith*, 2025 IL App (4th) 241441, ¶ 29 (noting that detention decisions must be individualized and cautioning that broad statements of universal truth may be insufficient to sustain a detention decision). Finding that there were theoretically possible ways in which pretrial supervision might fail falls short of "clear and convincing evidence" that no conditions can "mitigate" the threat. 725 ILCS 5/110-6.1(e)(3) (West 2024). Mitigation of a risk—especially when there is weak evidence that a risk exists—does not require the *elimination* of any conceivable risk.

¶ 43        While the offenses defendant is alleged to have committed carry an appropriate criminal penalty, the record suggests that he is at a low risk for recidivism. These offenses are alleged to have taken place outside of defendant's residence, and he lived with his parents and siblings at the time of the detention hearing. On these facts, home confinement, electronic monitoring, and a prohibition of contact with individuals outside of his immediate family under the age of 18 appear to offer adequate tools to mitigate any threat defendant poses. However, we express no opinion as to what conditions the court may ultimately find appropriate on remand. See *Morgan*, 2025 IL 130626, ¶ 40 ("[T]he circuit court's ultimate detention decision under section 110-6.1 is distinct and unique from the circuit court's decision to impose, or not impose, certain conditions of pretrial release under section 110-5.").

¶ 44                                III. CONCLUSION

¶ 45        For the reasons stated, we reverse the circuit court's judgment and remand for the court to consider conditions of pretrial release under section 110-5 of the Code (725 ILCS 5/110-

5 (West 2024)).

¶ 46      Reversed and remanded with directions.