2024 IL App (2d) 240461-U
Nos. 2-24-0461 & 2-24-0462 cons.
Order filed November 18, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Nos. 24-CF-120, 24-DV-523 |
| STEVEN R. KOROTENKO, | ) ) | Honorable David Paul Kliment, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HUTCHINSON delivered the judgment of the court.
Presiding Justice McLaren and Justice Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The trial court did not abuse its discretion in revoking defendant's pretrial release in No. 24-CF-120 after defendant violated the terms and conditions of that pretrial release order. The trial court did not abuse its discretion in granting the State's verified petition to detain defendant in No. 24-DV-523 as the evidence supported its findings that defendant committed a qualifying offense, posed a danger to the victim, and no set of conditions could mitigate the danger he posed.

¶ 2    On January 21, 2024, defendant, Steven Korotenko, was charged by complaint with aggravated domestic battery-strangle (720 ILCS 5/12-3.3(a-5)), domestic battery-physical contact (720 ILCS 5/12-3.2(a)(2)), and domestic battery-bodily harm (720 ILCS 5/12-3.2(a)(1)) (No. 24-CF-120). On January 24, 2024, defendant was ordered pretrial release, with conditions. On June

14, 2014, defendant was charged by complaint with domestic battery-bodily harm (720 ILCS 5/12-3.2(a)(1)) and domestic battery-physical contact (720 ILCS 5/12-3.2(a)(2)) (No. 24-DV-523). The trial court revoked defendant's pretrial release in No. 24-CF-120 and granted the State's verified petition to deny defendant's pretrial release in No.24-DV-523 pursuant to section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2022)). The defendant appeals. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4     On January 21, 2024, the trial court held a hearing on the State's verified petition to detain defendant on the charges alleged in No. 24-CF-120. The State proffered the police synopsis which read as follows:

> "[Defendant] was involved in a physical domestic with his girlfriend [K.C.]. During the altercation [defendant] used an open hand and struck [K.C.] in the face causing injury to her left eye. [K.C] said [defendant] placed her head into a headlock and choked her, restricting her breathing. [Defendant] denied strangling her but admitted that he might have placed her into a headlock on accident when she came at him. [K.C.] had a dark brown bruise to her left eye area and a laceration to the top back of her head, which caused her to be transported to the hospital for potential sutures. Based on [K.C.'s] statements, her injuries, and the statements made, [defendant] was taken into custody for domestic battery. After speaking to ASA Forlini and explaining the incident in its entirety, she approved felony domestic battery charges against defendant."

Further, the State offered the following additional grounds upon which defendant should be denied pretrial release:

"Defendant is currently on pretrial release for aggravated DUI (Class 2) in Kane County case 23CF2112 and for DUI in Du Page County case 23DT2123. Defendant has a prior felony conviction for unlawful possession of a controlled substance (2003), and prior misdemeanor convictions for threatening/intimidating-cause physical injury or serious damage to property (Arizona 2021), disorderly conduct (Arizona 2016), criminal damage to property (2010), battery (2011 and 1997), driving while license revoked (2006), DUI (2004 and 1999), and theft (2001)."

Ultimately, on January 24, 2024, defendant was granted pretrial release with conditions. Relevant here, defendant was ordered to (1) have no contact with the victim, K.C., (2) refrain from the use of intoxicating or controlled substances, unless lawfully prescribed, (3) refrain from the use of alcohol, and (4) reside with his daughter in Chicago.

¶ 5 On June 14, 2024, defendant was charged by complaint with the domestic battery offenses alleged in No. 24-DV-523. The State filed a verified petition to deny defendant's pretrial release in No. 24-DV-523 pursuant to section 110-6.1 of the Code, as well as a verified application to revoke pretrial release in No. 24-CF-120. The matter proceeded to hearing on June 18, 2024.

¶ 6 At the hearing, the State proffered the police synopsis from No. 24-CF-120, as well as a Campton Hills police synopsis, created by Officer Jule Ramirez, related to the charged conduct in 24-DV-523, which read as follows:

"Officer Gutierrez #173 and I were dispatched to the Circle K located at 40w299 Rt. 64 Campton Hills, IL 60175 for the domestic call. An unknown caller advised Kane Comm Dispatch that he saw a female and male subject screaming at each other in the parking lot. Upon our arrival the subjects screaming had left the area and the caller had come back to the gas station to give me the license plate on the vehicle and had said that

the male subject looked like he was going to hit the female subject and that they drove westbound on Rt. 64. Both Officer Gutierrez *** and I checked the area to see if we could locate the vehicle. Officer Gutierrez came back to the Circle K and advised Kane Comm Dispatch that he located the vehicle and requested the paramedics for the male subject that was laying on the pavement.

The female driver, [K.C.], was standing just outside the vehicle and said she was doing Uber eat deliveries and her baby's daddy, [defendant], was throwing food at her and outside the vehicle. [K.C.] said an argument started and led to [defendant] slapping her while she was driving. [K.C.] said while [defendant] attempted to put his hand on her she took her right hand to stop him and he bit her finger. [K.C.] asked [defendant] to get out of the vehicle after driving to the gas station. [Defendant] did get out of the vehicle but fell on the pavement."

The State also proffered a non-compliance of conditions of bond report which stated that defendant tested positive for THC on four occasions following his January 24, 2024, pretrial release, and failed to report for testing twice during that same period.

¶ 7    The trial court ordered defendant's pretrial release revoked in No. 24-CF-120, granted the State's verified petition to detain in No. 24-DV-523, by finding as follows:

"[T]he proof is evident and the presumption is great that the defendant has committed a qualifying offense. It's another domestic battery against the same victim. The synopsis is pretty clear that there is a presumption or proof is evident that the offense was committed.

I further find the defendant poses a real and present threat to the safety of the victim in that case as evidenced by his prior allegations and in 24 CF 120, a domestic battery, and

I further find that there are no conditions or combination of conditions that would mitigate this real and present threat to the safety of the victim. And I've tried and I told [defendant] when I let him out the last time that that would be his only opportunity to show me that he wanted to stay out of custody.

He committed a second domestic battery against the same victim. He violated the court orders in terms of staying away from her, no contact with her, no abusive contact with her, not violating the criminal laws. I also note in the pretrial release memorandum, on May 10th he failed to report for drug testing as ordered. That is the most recent document in the court file.

In considering the dangerousness factors set forth at 725 ILCS 110-6.1—I'm sorry—7 talked about the nature circumstance of the offense charged, the history and characteristics of the defendant. He's on pretrial release on at least three other cases and he continues to violate the terms. I've talked about the identity of the victim in this case. So I am going to order him detained on 24 DV 523."

¶ 8    On June 24, 2024, defendant filed motions for relief on both case numbers pursuant to Illinois Supreme Court Rule 604(h)(2) (eff. April 15, 2024). As to No. 24-CF-120, defendant argued that the State presented no evidence on its petition to revoke pretrial release and relied only on the evidence presented in No. 24-DV-523. Defendant's motion in No. 24-DV-523 argued that the State failed meet its burden that (1) the proof is evident or the presumption great that the defendant has committed a domestic battery, (2) the defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community, and (3)\ no condition or combination of conditions can mitigate the real and present threat to the safety of any person or the community.

¶ 9    On August 9, 2024, the trial court denied defendant's motions and stated as follows:

"I'm going to deny the petition for relief. I've tried conditions. You said he'll live with his adult daughter. We did that before. No contact, we did that before. He's violated all the conditions that I've put on him. I considered *** the charged offenses, the strength of the evidence that he committed those offenses, his criminal history, the threat to the alleged victim's safety posed by the defendant, which he proved with the new case. So, I find there are no less restrictive means. All three prongs have been met. He will remain in detention. He does have a right to appeal. I believe that has to be filed within 14 days."

¶ 10    Defendant timely appealed.

¶ 11                                    II. ANALYSIS

¶ 12    This appeal is brought pursuant to Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act).[1] See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date of Act as September 18, 2023). The Act abolished traditional monetary bail in favor of pretrial release on personal recognizance or with conditions of release. 725 ILCS 5/110-1.5, 110-2(a) (West 2022).

¶ 13    In Illinois, all persons charged with an offense are eligible for pretrial release. *Id.* §§ 110-2(a), 110-6.1(e). Pretrial release is governed by article 110 of the Code as amended by the Act. *Id.*

---

[1]The Act has been referred to as the "SAFE-T Act" or the "Pretrial Fairness Act." Neither of those names is official, as neither appears in the Illinois Compiled Statute or the public act. *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

§ 110-1 *et seq.* Under the Code, as amended, a defendant's pretrial release may only be denied in certain statutorily limited situations. *Id.* §§ 110-2(a), 110-6.1(e).

¶ 14 Upon filing a verified petition requesting denial of pretrial release, the State has the burden to prove, by clear and convincing evidence, that (1) the proof is evident or the presumption great that the defendant has committed a qualifying offense (*id.* § 110-6.1(e)(1)), (2) the defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community (*id.* § 110-6.1(e)(2)), and (3) no condition or combination of conditions can mitigate the real and present threat to the safety of any person or the community or prevent the defendant's willful flight from prosecution (*id.* § 110-6.1(e)(3)).

¶ 15 Pursuant to Illinois Supreme Court Rule 604(h)(7), defendant has elected not to file a memorandum with his notice of appeal. Accordingly, defendant's motions for relief shall serve as his argument in this appeal. See Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024) ("The motion for relief will serve as the argument of the appellant on appeal. *** Issues raised in the motion for relief are before the appellate court regardless of whether the optional memorandum is filed.").

¶ 16 We begin with defendant's contention that the trial court erred in granting the State's verified application to revoke pretrial release in No. 24-CF-120. Defendant argues that the State presented no evidence on its petition to revoke pretrial release and relied only on the evidence presented in No. 24-DV-523.

¶ 17 Courts in criminal cases have the inherent power to reconsider and correct their own rulings. *People v. Walton*, 2024 IL App (4th) 240541, ¶ 20, citing *People v. Harris*, 2024 IL App (2d) 240070, ¶ 27. The Act imposes conditions governing when release pending criminal trial may be revoked. See 735 ILCS 5/110-6 (West 2022). Specifically, "[w]here a defendant has been granted pretrial release for a felony or Class A misdemeanor, the State may petition for revocation

of release on the basis that a new offense of the same statute has been committed." *People v. Walton*, 2024 IL App (4th) 240541, ¶ 22. "Revocation of previously issued pretrial release conditions requires evidence that defendant was charged with a felony or Class A misdemeanor while on pretrial release for charges stemming from either a felony or Class A misdemeanor." *People v. Davis*, 2024 IL App (5th) 240120, ¶ 27. The State must also "prove that no condition, or combination of conditions, is available that would prevent defendant from being charged with another felony or Class A misdemeanor. *Id*. ¶ 28. Appellate courts review the trial court's decision to revoke pretrial release under an abuse of discretion standard. The "discretionary standard applies to all aspects of detention, whether resulting from an initial petition to deny pretrial release or a petition to revoke pretrial release." *People v. Walton*, 2024 IL App (4th) 240541, ¶ 33.

¶ 18   We do not find defendant's argument on this issue compelling. The record shows that the defendant was charged with the conduct alleged in No. 24-DV-523 while on pretrial release for the conduct charged in No. 24-CF-120. In addition to the new charges while on pretrial release, defendant failed to adhere to the conditions imposed by the trial court, specifically his failure to refrain from using intoxicating substances and inability to stay away from K.C. During the June 18, 2024, hearing, the trial court took judicial notice of No. 24-CF-120 and found that defendant made unlawful contact with K.C. after he had been explicitly ordered not to contact her. Defendant's repeated pattern of defiance of court orders constitutes sufficient grounds to revoke his pretrial release in No. 24-CF-120. There was no abuse of discretion in the trial court's order and we will not disturb it.

¶ 19   Next, defendant contends that the State failed to prove in No. 24-DV-523, by clear and convincing evidence, that (1) the proof is evident or the presumption great that the defendant has committed a qualifying offense, (2) the defendant's pretrial release poses a real and present threat

to the safety of any person or persons or the community, and (3) no condition or combination of conditions can mitigate the real and present threat to the safety of any person or the community or prevent the defendant's willful flight from prosecution. "Evidence is clear and convincing if it leaves no reasonable doubt in the mind of the trier of fact as to the truth of the proposition in question." *Chaudhary v. Department of Human Services*, 2023 IL 127712, ¶ 74.

¶ 20 We review whether the trial court's findings were against the manifest weight of the evidence. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13; *People v. Vingara*, 2023 IL App (5th) 230698, ¶ 10. A finding is against the manifest weight of the evidence when it is unreasonable. *People v. Sims*, 2022 IL App (2d) 200391, ¶ 72. We review the trial court's ultimate decision regarding pretrial release for an abuse of discretion. *Trottier*, 2023 IL App (2d) 230317, ¶ 13.

¶ 21 Defendant's argument that the State failed to prove, by clear and convincing evidence, that the proof is evident or the presumption great that the defendant has committed a qualifying offense, is unconvincing. In his motion for relief, defendant avers that the Campton Hills police synopsis demonstrated that he was on the ground when police arrived at the scene and the trial court erred in relying on the police documentation of K.C.'s version of events. However, the trial court also took judicial notice of the police synopsis from No. 24-CF-120, another domestic battery allegedly committed by defendant against the same victim, K.C. That, along with the Campton Hills synopsis that states that defendant slapped K.C. while she was driving and bit her finger, supports the trial court's finding that defendant committed a qualifying offense for pretrial detention, and was not against the manifest weight of the evidence.

¶ 22 Further, the evidence supports the finding of defendant's dangerousness to K.C. under multiple factors enumerated in section 110-6.1(g). See 725 ILCS 5/110-6.1(g) (West 2022).

Defendant is charged with a crime of violence. Defendant's criminal history contains misdemeanor convictions for violent crimes including battery and threatening or intimidating to cause physical injury to K.C. K.C. was identified as the person believed to be at risk from defendant's violent behavior. Finally, defendant was on pretrial release for three separate incidents at the time of the present offenses charged in No. 24-DV-523. The trial court's determination that defendant's pretrial release poses a real and present threat to the safety of K.C. was not against the manifest weight of the evidence.

¶ 23 Defendant's final argument that the trial court failed to adequately consider alternatives to pretrial detention that could have mitigated the risk of further violence to K.C. is likewise unconvincing. Under section 110-6.1(g)(3) of the Code, an order for pretrial detention must be based on, among other things, clear and convincing evidence that "no condition or combination of conditions" of pretrial release can mitigate the real and present threat to safety posed by the defendant. *Id.* § 110-6.1(g). If the trial court finds that the State proved a valid threat to someone's safety or the community's safety, it must then determine what pretrial release conditions, "if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community ***." *Id.* § 110-5(a). In making this determination, the trial court should consider: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; (4) the nature and seriousness of the specific, real and present threat to any person that would be posed by the defendant's release; and (5) the risk that the defendant will obstruct or attempt to obstruct the criminal justice process. *Id.* No single factor is dispositive. *Id.* As with the finding of dangerousness, we review the trial court's finding regarding whether the imposition of conditions

on a defendant's pretrial release would mitigate the safety risk posed by the defendant under the manifest weight of the evidence standard. *Trottier*, 2023 IL App (2d) 230317, ¶ 13.

¶ 24    Here, the trial court considered the nature of the charged offenses, the strength of the evidence that the defendant committed those offenses, and the defendant's criminal history before finding that the threat to K.C.'s safety posed by the defendant could not be mitigated by any combination of pretrial release conditions. The defendant argued that he could live with his 21-year-old daughter in Chicago, and any potential threat to [K.C.] could be mitigated by a no contact order and electronic home monitoring. However, as has been noted, the record shows that the trial court considered that defendant was on pretrial release for three other incidents at the time of the charged conduct, was ordered not to commit any further criminal offenses, was ordered not to use any intoxicating substances, and was ordered to stay away from K.C. Even after granting him pretrial release and allowing him to live with his daughter in Chicago, defendant was unable to adhere to those conditions, bringing upon the circumstances before us in this appeal. Therefore, we cannot conclude that the trial court's determination that no pretrial release conditions could adequately protect K.C.'s safety was against the manifest weight of the evidence as defendant has shown that he will harm her regardless of the trial court's repeated admonishments and previously-ordered conditions of pretrial release.

¶ 25                                          III. CONCLUSION

¶ 26    For all of these reasons, the trial court did not abuse its discretion by granting the State's motion for pretrial detention. The judgment of the circuit court of Kane County is affirmed.

¶ 27    Affirmed.